**STATE of Missouri, Respondent,**

v.

**Glen R. SHEPARD, Appellant.**

No. 53844.

Supreme Court of Missouri,

En Banc.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward L. Downs, Special Asst. Atty. Gen., Cape Girardeau, for respondent.

J. Arnot Hill, Kansas City, The Legal Aid and Defender Society of Greater Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant, Glen R. Shepard, was found guilty by a jury of attempted burglary, second degree, and sentenced to imprisonment for a term of four years and six months. He has appealed from the ensuing judgment.

The amended information upon which defendant was tried charged that on April 5, 1967, he attempted to break into and enter a service station belonging to Buel D. Burton by tearing a hole in the roof, the building being one in which goods, wares and merchandise were kept and deposited, with intent to steal.

The jury reasonably could find from the evidence that in the early morning of April 5, 1967, defendant and a companion were apprehended while on the roof of the building described in the information, and that a hole about 20 by 24 inches in size, which was not there when Mr. Burton closed the station about 11:00 o'clock of the previous night, had been cut through that part of the roof over a storeroom wherein cigarettes and other goods were stored.

The only contention on this appeal is that the trial court erred in giving Instruction 2, which in its parts material to the issue was as follows:

"The court instructs the jury that if you believe and find from the evidence * * * that * * * the defendant * * * did * * * unlawfully, feloniously and burglariously attempt to break into and enter (the building described in the amended information) * * * by then and there forcibly tearing a hole in the roof of said storeroom, there situate, with intent then and there *to commit some felony, or any stealing therein,* but that the defendant failed in the perpetration therein * * * then you will find the defendant guilty of Attempted Burglary, Second Degree, and so find in your verdict." (Emphasis added).

Defendant contends that he was not charged in the information with an attempt to commit burglary with the intent to commit "some felony," but only with the intent to steal; that there was no evidence from which an attempt to commit a crime other than to steal could be inferred; and that for the above reasons the instruction was broader than the information and the proof.

Burglary, second degree, is defined in Section 560.070, RSMo 1959, V.A. M.S., and an element of that offense is an intent "to steal or commit any crime therein." State v. Vandergriff, Mo., 403 S.W.2d 579, 581. An intent to commit "some felony" is an intent to commit a "crime," but is more restrictive than the statutory provision. As used in the instruction, the phrase "commit some felony" clearly refers to a felony other than stealing in connection with the burglary because the two expressions are stated in the disjunctive. In most cases an intent necessarily must be inferred from the circumstances, and the evidence in this case authorized a finding that defendant attempted to break and enter the service station with an intent to steal therein. State v. Whita-

ker, Mo., 275 S.W.2d 316. However, a finding of an intent to commit "some felony" other than stealing would be based solely on speculation and conjecture.

The offense of burglary, second degree, insofar as the essential element of intent is concerned, may be committed in two ways; that is, by an intent to steal *or* by an intent to commit any other crime in the building broken and entered. It has long been the rule that when a crime may be committed by any of several methods, the information must charge one or more of the methods, and the method or methods submitted in the verdict directing instruction must be among those alleged in the information, and when submitted in the disjunctive each must be supported by evidence. State v. Robinett, Mo., 279 S.W. 696; State v. Scott, Mo., 230 S.W.2d 764. As stated in State v. Regazzi, Mo., 379 S.W.2d 575, 579, "The jury should be limited to a finding of specific facts, supported by the evidence in the case, upon which its verdict could be based." In this case, the submission clearly authorized a finding of guilty if the jury found an intent to commit "some felony" other than stealing *or* an intent to steal. Although there was evidence from which an intent to steal could be inferred, there was no charge in the information of an intent to commit "some felony" other than to steal, and there was no evidence to support such a submission. Therefore, the jury was authorized to find defendant guilty on a submission not alleged in the information and not supported by the evidence.

In civil cases it has long been the rule that each basis for recovery or defense submitted in the disjunctive must be supported by evidence. Knepper v. Bollinger, Mo.App., 421 S.W.2d 796; Madison v. Dodson, Mo.App., 412 S.W.2d 552; Martin v. Crabtree, Mo., 283 S.W.2d 573. We cannot justify a different rule for criminal cases.

Consideration must be given to State v. Grant, Mo., 275 S.W.2d 332. There the defendant was charged with burglary, second degree, by breaking and entering a building with intent to steal therein. The instruction authorized a finding of guilty if the jury found that defendant broke and entered "with intent to commit some felony or feloniously and burglariously to take, steal and carry away any goods, * * *." The evidence in that case authorized only a finding of an intent to steal. It was stated that if the defendant "intended to commit a crime in the storeroom, whether it was theft or some other crime," he would be guilty of burglary, that a jury "could not have been misled by the instruction," and that the portion pertaining to the intent "to commit some felony" could be "treated as surplusage." The court distinguished State v. Taylor, 136 Mo. 66, 37 S.W. 907, where the information and the instruction were substantially the same, on the basis that there was a "sharp issue" whether the defendant entered the store room with intent to steal, while in the Grant case there was no such issue. In the pending case the only evidence was that of the state which authorized a finding of an intent to steal. We cannot distinguish State v. Grant on the facts from the pending case, but because we cannot justify a different rule for civil and criminal cases, we necessarily are in disagreement with State v. Grant.

We conclude that Instruction 2 authorized the jury to return a verdict of guilty on the basis of a finding of an intent not charged and not supported by the evidence, and for that reason the instruction was confusing, erroneous and prejudicial.

We note another matter not presented for appellate review but of importance in the event of a new trial. An essential element of burglary second degree as defined in Section 560.070 RSMo 1959, V.A.M.S., is that the breaking and entering must be of a building "in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited." There was no human being in the service station at the time of the attempted breaking and

entering, but there were goods, wares and merchandise, and it was so alleged in the information and the evidence supported the allegation. However, Instruction 2 did not submit this essential element, and therefore, upon proper objection and preservation of the issue for appellate review, the deficiency would constitute prejudicial error. State v. Vandergriff, Mo., 403 S.W.2d 579; State v. Thomas, Mo., 360 S.W.2d 694.

The judgment is reversed and the cause remanded.

PER CURIAM:

The foregoing opinion by STOCKARD, C., written in Div. Two, is adopted as the opinion of Court en Banc. The judgment is reversed and remanded.

HOLMAN, C. J., and FINCH, SEILER, STORCKMAN and MORGAN, JJ., concur.

DONNELLY, J., concurs in result.

HENLEY, J., dissents.