**STATE of Missouri, Respondent,**

v.

**Nadine MILES, Appellant.**

**KCD 26104.**

Missouri Court of Appeals,
Kansas City District.

Dec. 4, 1972.

James A. Rahm, Warrensburg, Hensley & Rahm, Warrensburg, of counsel, for appellant.

George H. Mitchell, Pros. Atty., Warrensburg, for respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and J. DONALD MURPHY, Special Judge.

PRITCHARD, Judge.

This case involving a conviction of a misdemeanor traffic violation may be disposed of quickly on the single point presented that the state's main instruction departed in fatal variance from the crime charged in the amended information.

The amended information charged a violation of Section 304.351 in that appellant "failed to yield the right-of-way to an eastbound motor vehicle approaching so closely on U. S. Highway 50 eastbound and the intersection of Missouri Route 132 as to constitute an immediate hazard during the time when (appellant) was moving across and within said intersection, contrary to the form of the statute in such cases made and provided * * *." Subd. 4.(1)(a) of the statute provides that it may be violated by either failure to stop at an intersection stop sign, or, after having stopped, by failing to yield "the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard * * *." There was a stop sign erected on Route 132, and appellant testified that she drove up to it and stopped, then started across the highway (50). Witness Short testified that he saw a car, apparently appellant's, approach the stop sign, start to go forward again, stop again and thereafter pull slowly across U. S. Highway 50 where a collision occurred. Witness Wooten testified that appellant did not stop for the stop sign before entering U. S. Highway 50 (a four-lane divided highway).

Instruction No. 3 submitted to the jury for a finding on the hypotheses that appellant "failed to stop for a stop sign at the intersection of U. S. Highway 50 eastbound, or having stopped, failed to yield the right-of-way to a motor vehicle approaching so closely and proceeding in an eastbound direction * * * as to constitute an immediate hazard * * *."

Appellant had a right to rely upon the single factual allegation in the amended information that she failed to yield the right-of-way, and to defend against that charge. The violation of the statute could be committed in either of two ways as above noted. Controlling is State v. Lusk, Mo., 452 S.W.2d 219, 223 [5, 6], quoting, " 'It has long been the rule that when a crime may be committed by any of several methods, the information [or indictment] must charge one or more of the methods, *and the method or methods submitted in the verdict directing instruction must be among those alleged in the information*, and when submitted in the disjunctive each must be supported by the evidence.' State v. Shepard, Mo., 442 S.W.2d 58, 60." [Italics added.] Concerning the general rule cited in Lusk, it is said at 23A C.J.S. Criminal Law, Section 1311, p. 761, "It is erroneous to give instructions on issues not made by the pleadings, although evidence has been admitted to which the instructions are applicable. * * *" Here, although there was evidence that appellant in fact stopped at the stop sign, such fact was not alleged, and the variance constitutes reversible error. See also State v. White, Mo., 431 S.W.2d 182, 186 [5, 6], and cases cited.

The judgment is reversed and the case remanded.

All concur.