STATE of Missouri, Respondent,

v.

Lee Bernard ALEXANDER, Jr., Appellant.

No. 42281.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 23, 1980.

David V. Collignon, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Prosecuting Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant was convicted on September 12, 1979 of attempted burglary in the first degree. Punishment was assessed at two years. We reverse and remand by reason of instruction error.

Alexander was charged with feloniously breaking and entering a dwelling house at 705 Redwing, Florissant, Missouri, on December 24, 1978, *with the intent to steal items of personal property located therein.*

In the jury instructions on burglary in the first degree and on *attempted* burglary in the first degree, it was submitted that defendant attempted entry "with the intent to steal property *or to commit some other felony therein.*" (Emphasis added.) There was evidence of defendant's intent to steal, but no evidence of any intent on defendant's part to commit some other felony therein. Fortified with these instructions, the prosecutor argued "other felonies" in his closing argument. Defendant was acquitted of burglary in the first degree, but convicted on the lesser included offense of attempting the same.

Defendant was not charged with *intent to commit some other felony.* There was no evidence on which to predicate an instruction that defendant intended to commit some other felony. Therefore, the jury was authorized to find defendant guilty on a submission not alleged in the information and not supported by the evidence. *State v. Shepard,* 442 S.W.2d 58, 60 (Mo.banc 1969). For this reason, we must reverse and remand.

Judgment reversed and remanded as to *attempted* burglary in the first degree.

REINHARD and SNYDER, JJ., concur.