**STATE of Missouri, Plaintiff-Respondent,**

v.

**Harry Edwin PICKINS, Jr., Defendant-Appellant.**

No. 12730.

Missouri Court of Appeals, Southern District, Division Two.

March 11, 1983.

Motion for Rehearing and to Transfer Denied March 31, 1983.

R.J. Gordon, Public Defender, Charles E. Buchanan, Joplin, for defendant-appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

By the initial information in this case the state charged the defendant committed the offense of burglary in the first degree by unlawfully entering a building, in which there was present a person, for the purpose of committing stealing therein. The last amended information alleged the defendant committed the offense of attempted burglary in the second degree. It charged the defendant tried to open an air conditioning shaft, which was a substantial step toward the commission of burglary in the second degree, in that he attempted to unlawfully enter the building "for the purpose of committing a crime therein." He was found guilty by a jury and, as a persistent offender, sentenced to imprisonment for four years.

Only a brief summary of the evidence is required for the consideration of his appeal. In a contemporary shopping center in Joplin, the Wal-Mart Discount merchandise business and the Consumer Market business were housed in nearby buildings. The two buildings were separated by approximately 8 feet. The area between the two buildings was enclosed by a solid board fence.

On February 2, 1982, at approximately 11:30 p.m. a custodian was working in the Wal-Mart building. At that time the custodian heard footsteps on the roof move from the west wall to a large air conditioning unit on the roof. The unit was large enough that, if opened, it would provide access to the inside of the building. He immediately called the police. Several police officers arrived within minutes.

Upon arrival, one officer saw a man with a flashlight moving on the roof of the Consumer building. An aluminum ladder was placed from the Consumer building to the Wal-Mart building. Another officer, from a different location, saw the ladder come across between the buildings. He then saw the defendant start to crawl on the ladder from the Consumer building to the Wal-Mart building. When the defendant was ordered to stop, he jumped back onto the roof of the Consumer building.

Within moments, the defendant was found on the Consumer building on the roof over the sidewalk. This roof was approximately 4 feet lower than the roof of the building. When confronted, the defendant told the officers he was there just to get away from people and drink beer. The temperature was 25 degrees and there was a strong wind blowing. The defendant was

clad in jeans, a denim shirt and a jean jacket. A search of the area revealed a flashlight on the roof of the Wal-Mart building near the end of the ladder. Two cans of beer, one half full, were found on the roof over the sidewalk. There was evidence the defendant was intoxicated. He became so agitated it was necessary to use a fire department snorkel unit to remove him from the roof.

By his principal point, the defendant asserts the insufficiency of the state's verdict directing instruction. That instruction, Instruction No. 5, was drawn from MAI–CR2d 18.02. By that instruction, the jury was directed to return a verdict against the defendant if the jury found: He tried to pry open the air conditioning shaft; and that such conduct was a substantial step toward the commission of the crime of second degree burglary; and was done for the "purpose of committing such second degree burglary." Instruction No. 6 was drawn from MAI–CR2d 33.01. It declared in part, "[a] person commits the crime of burglary in the second degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the *purpose of committing a crime therein.*" (Emphasis added).

The defendant contends the verdict directing instruction was in error because it did not require the jury to find that he intended to commit any particular or specific crime in the building. Or said another way, he contends the instruction does not tell the jury what they must find in order to return a verdict of guilty. The defendant clearly asserted this error in his motion for a new trial. Consideration of this point is not limited to review under the plain error doctrine. Compare *State v. Sanders,* 541 S.W.2d 530 (Mo. banc 1976).

The sufficiency of a verdict directing instruction is to be measured by the substantive law declaring the elements of the offense. *State v. Burgess,* 457 S.W.2d 680 (Mo. banc 1970). It is axiomatic that a verdict directing instruction "must require the jury to find every fact necessary to constitute the essential elements of the offense charged, . . . ." *State v. Singleton,* 602 S.W.2d 3, 8 (Mo.App.1980). Also see *State v. Mason,* 571 S.W.2d 246 (Mo. banc 1978); *State v. Burgess,* supra.

Sections 569.160 and 569.170 of The Criminal Code, effective January 1, 1979, define the offenses of first and second degree burglary committed after that date. Each offense is predicated upon a defendant unlawfully entering or remaining in a building or a habitable structure "for the purpose of committing a crime therein." The element of purpose to commit an object offense is defined only by the generic term "a crime." This is similar to the terminology "intent to commit *some felony* or to steal" used in the predecessor statutes dealing with burglary. §§ 560.040; 560.050; 560.055; 560.060, RSMo 1969. (Emphasis added).

The use of the term "crime" in defining the object offense is drawn from § 221.1 of the Model Penal Code. In respect to that code, it has been said, "[o]ne of the reasons for retaining a separate burglary provision is the special difficulty that would be posed if the prosecutor were required to prove an attempt to commit a specific offense." A.L.I. Model Penal Code, § 221.1, pp. 75–76 (1980).

Nevertheless, under prior statutes employing similar generic language, the courts of Missouri consistently held the state had to prove and submit an intent to commit a specific crime. "The intent with which an accused breaks and enters is an essential element of the offense of burglary and must be established by evidence beyond a reasonable doubt." *State v. Asberry,* 559 S.W.2d 764, 767 (Mo.App.1977). Also see *State v. Jackson,* 369 S.W.2d 199 (Mo.1963); *State v. Shipman,* 189 S.W.2d 273 (Mo. 1945); *State v. Alexander,* 609 S.W.2d 958 (Mo.App.1980); *State v. Singleton,* supra. The same is true in other jurisdictions. *United States v. Thomas,* 144 U.S.App.D.C. 44, 444 F.2d 919 (1971); *Commonwealth v. Ronchetti,* 333 Mass. 78, 128 N.E.2d 334 (1955); *State v. Norwood,* 289 N.C. 424, 222 S.E.2d 253 (1976). This court does not perceive that §§ 569.160 and 569.170 change that requirement. MAI–CR2d instructions

submitting first degree and second degree burglary, hereafter noted, meet that requirement.

The state contends the instructions given are mandated by MAI–CR2d and therefore must be approved. *State v. Moore,* 615 S.W.2d 108 (Mo.App.1981). An attempt to commit a burglary involves two separately defined offenses, the burglary and the object crime. This in turn means that the jury should be advised of the elements of both of the offenses. An examination of the appropriate pattern instructions and Notes on Use reveals, contrary to the state's contention, that is required by MAI–CR2d.

MAI–CR2d 18.02 provides the general format for submitting an attempt. The crucial paragraph of that instruction reads: "Second, that such conduct was a substantial step toward the commission of the crime of [name of offense with sufficient details to identify person or property involved, e.g. rape upon Susan Doe or burglary of a specific building] and was done for the purpose of committing such [name of offense] ...." The applicable Notes on Use read:

An attempt crime may be submitted as an included offense of the completed crime. Section 556.046.1(3). If both the completed offense and the attempt crime are submitted, all essential elements of the crime which was the object of the attempt will have been set out in the instruction on the completed crime. In such case the object crime need not be defined in a separate definition instruction.

If, however, the attempt crime is submitted but the object crime is not submitted, a separate instruction must be given defining the object crime, whether the definition is requested or not. If the object crime is defined in a separate definition instruction, words and phrases used in that definition which must be defined, whether requested or not, according to the Notes on Use under the MAI–CR form for submitting the object crime, must be defined.

MAI–CR2d 23.52 is the pattern instruction for the submission of burglary in the second degree. That instruction requires a finding the defendant entered or remained unlawfully for the "purpose of committing the crime of [name of crime] therein." This is followed by a direction to "[i]nsert a definition of the crime which defendant intended." MAI–CR2d 23.50, submitting burglary in the first degree, contains identical provisions. When the Notes on use to MAI–CR2d 18.02 are considered in connection with MAI–CR2d 23.50 and 23.52, it is apparent the submission of attempted burglary requires a definition of burglary that includes the object crime and the elements thereof. This conclusion is reinforced by the decisions under the prior law hereafter noted.

Since the instructions given did not comply with MAI–CR2d, there was "error, it's prejudicial effect to be judicially determined." Rule 28.02(e). Also as heretofore noted, this determination is not to be made by a limited review under the plain error doctrine. *State v. Miller,* 604 S.W.2d 702 (Mo.App.1980). It has been declared " 'any such error must be deemed prejudicial unless the contrary clearly appears.' " *State v. Lasley,* 583 S.W.2d 511, 517 (Mo. banc 1979).

This is not a case in which, by reason of the evidence and the instructions that were given, the verdict of the jury clearly establishes the jury found each element of the offense, even though those elements were incompletely defined. *State v. Hammond,* 571 S.W.2d 114 (Mo. banc 1978). Also see *State v. Gibson,* 633 S.W.2d 101 (Mo.App. 1982); *State v. Barber,* 587 S.W.2d 325 (Mo. App.1979).

In defining the offense of burglary, it has been held sufficient for the statute to state the element of the object crime in generic terms. This opinion does not reach a determination of the sufficiency of an information in such generic terminology. Compare *State v. Chandler,* 635 S.W.2d 338 (Mo. banc 1982); *State v. Johnston,* 640 S.W.2d 513 (Mo.App.1982); *State v. Barnett,* 611 S.W.2d 339 (Mo.App.1980); *State v. Single-*

*ton,* supra. Also see *Com. v. Turner,* 290 Pa.Super. 428, 434 A.2d 827 (1981); *Com. v. Lewis,* 276 Pa.Super. 451, 419 A.2d 544 (1979). However, terms such as "felony" or "crime" do not bear such an established common meaning to satisfactorily submit an object offense to a jury. See § 556.016; MAI–CR2d 33.01 defining "crime." Even those definitions are unsatisfactory for that purpose.

This court does not suggest the defendant's real purpose was to be alone on the roof and drink beer. The evidence was certainly sufficient for the jury to determine his purpose was to unlawfully enter the building and steal. *State v. Warren,* 579 S.W.2d 723 (Mo.App.1979); *State v. Tolson,* 630 S.W.2d 611 (Mo.App.1982); *State v. Hodges,* 575 S.W.2d 769 (Mo.App. 1978). However, "the instruction did not call upon the jury to find this as a fact beyond a reasonable doubt." *State v. Bruce,* 564 S.W.2d 898, 902 (Mo. banc 1978). Also see *State v. Golliday,* 637 S.W.2d 106 (Mo.App.1982). This instruction directs the jury to return a verdict against the defendant on the basis of any activity the jury might conclude would be a crime. In speaking of an instruction submitting an intent to commit "some felony," it has been said, "[h]owever, a finding of an intent to commit 'some felony' other than stealing would be based solely on speculation and conjecture." *State v. Shepard,* 442 S.W.2d 58, 60 (Mo. banc 1969). Instructions submitting a burglary without specificity, concerning the object crime have been consistently condemned. *State v. Shepard,* supra; *State v. Jackson,* supra; *State v. Taylor,* 136 Mo. 66, 37 S.W. 907 (1896); *State v. Alexander,* supra; *State v. Singleton,* supra. Compare *State v. Sheets,* 468 S.W.2d 640 (Mo.1971) in which under one count the defendant was convicted of stealing and under another count burglary was submitted upon the basis of an intent to commit a felony. The judgment is reversed and the case is remanded for a new trial.

HOGAN and PREWITT, JJ., concur.