STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Clayton SHIRLEY,
Defendant-Appellant.

No. 45531.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 2, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied Sept. 15, 1983.

687

Lenzie L. Leftridge, Jr., Flat River, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, H. Kasten, Jr., Pros. Atty., Ste. Genevieve, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a jury tried case wherein Thomas Clayton Shirley, appellant, was convicted of assault in the first degree by means of a deadly weapon. Appellant assigns three points as errors: (1) trial court error in sentencing appellant as a prior offender under § 558.016 RSMo Supp. 1981; (2) trial court error in admitting into evidence testimony concerning the death of appellant's companion, and (3) trial court error in submitting a jury instruction which omitted an essential element of the offense charged. We affirm.

On September 21, 1981, Trooper Randy Becker of the Missouri State Highway Patrol received a call over the police radio advising him to be on the lookout for a beige Mercury Cougar displaying Florida license plates and containing two male suspects. These men were considered armed and dangerous. Soon after receiving the call, Becker observed a vehicle fitting the description. Becker pursued the vehicle and radioed for assistance.

After traveling approximately one mile, the vehicle came to a screeching stop and two men jumped out of the car. These men were later identified as appellant and Richard Isles. Both men had hand guns and were firing at Becker. Becker returned the fire, hitting Isles. At the same time, Becker received a shot in the leg.

Soon thereafter, assistance arrived and appellant surrendered. Becker was taken to the hospital and treated for a gun shot wound. Isles was pronounced dead on arrival.

At trial, appellant was originally charged by information with assault in the first degree by means of a deadly weapon. This information was subsequently amended to additionally charge appellant as a prior offender under § 558.016 RSMo Supp.1981. Appellant filed a motion to dismiss the amended information which was overruled. This appeal follows.

■ Appellant's first point contends that the trial court erred in allowing the state to amend the information to charge him with being a prior offender because § 558.016 RSMo Supp.1981, does not provide for such a charge in connection with a class A felony. Section 558.016.1 reads as follows:

The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C or D felony to a term of imprisonment as authorized by Section 558.011, if it finds the defendant is a prior offender, or to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

It is true, as appellant contends, that § 558.016 does not authorize the trial court to sentence a defendant convicted of a class A felony as a prior offender. However, under § 557.036.4(2), RSMo Supp.1981, the trial court could properly impose upon a prior offender who has been found guilty of a class A felony, any sentence authorized for a class A felony. Furthermore, §§ 557.036 and 558.016 are not in conflict as appellant contends. Section 558.016 does not prohibit the trial judge from sentencing a defendant found guilty of a class A felony as a prior offender. However, § 557.036, does authorize the trial court to sentence a defendant found guilty of a class A felony as a prior offender. *See State v. Byrnes,* 619 S.W.2d 791, 792 (Mo.App.1981). The trial court did not err in sentencing appellant as a prior offender.

Appellant's second point contends that the trial court erred in permitting the State to introduce into evidence testimony regarding the shooting death of appellant's companion. The trial court allowed the State to adduce testimony that the companion of appellant, Richard Isles, was shot and killed during the incident in question. This testimony was admitted over appellant's oral motion in limine and over his objection at trial. Appellant contends the evidence was inflammatory, prejudicial and irrelevant. We disagree.

■ The evidence in question was not irrelevant. Appellant plead not guilty to the charge of assault in the first degree and further alleged in his opening statement that he did not shoot Trooper Becker. The state in adducing testimony concerning Isle's death was proceeding on the theory that Becker was shot after the death of Isles. As a result, the testimony addressed the central issue at trial, did appellant assault Trooper Becker.

■ On the issue of prejudice, the admission of potentially prejudicial or inflammatory evidence rests within the sound discretion of the trial court and its decision will not be disturbed unless its discretion is abused. *State v. Ray,* 637 S.W.2d 708 (Mo. banc 1982). In the present case, the amount of evidence adduced at trial was minimal. The state introduced only that evidence which was directly related to the issue of who shot Trooper Becker. We cannot hold that the trial court abused its discretion in permitting the jury to hear evidence pertaining to Isle's death.

Point three contends that appellant was prejudiced because the verdict directing instruction submitted to the jury omitted the essential element that the offense was committed with the use of a deadly weapon. The verdict director submitted to the jury was as follows:

If you find and believe from the evidence beyond a reasonable doubt:

That on or about September 21, 1981, in the County of Ste. Genevieve, State of Missouri, the defendant attempted to kill or cause serious physical injury to Randy

L. Becker by shooting, then you will find the defendant guilty of assault in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The verdict form, however, did state the essential element of finding the assault was by means of a deadly weapon, a class A felony. Appellant contends that the jury, by the omission of the element of the use of a deadly weapon, was instructed only as to a class B felony.

■ It is fundamental that an instruction cover all essential elements of an offense embraced within the charge. *State v. Ogle,* 627 S.W.2d 73 (Mo.App.1981). Further, an instruction must require the jury to find every fact necessary to constitute the essential elements of the offense charged. *State v. Singleton,* 602 S.W.2d 3 (Mo.App. 1980). In the case at bar, the amended information charged appellant with assault in the first degree by means of a deadly weapon for "attempting to kill or to cause serious physical injury to Randy L. Becker by shooting...." The instruction submitted to the jury contained the essential elements of the offense.

■ The instruction submitted to the jury complied completely with MAI–CR2d § 19.02. The only reference to "deadly weapon" in MAI–CR 19.02 deals with the sentence to be assessed upon a defendant. The instruction reads, "[b]ut if you further find and believe from the evidence beyond a reasonable doubt that the defendant committed such assault by means of a (deadly weapon), then you will assess and declare the punishment at ...." In the present case, as a result of appellant being charged as a prior offender, the judge not the jury was to assess the punishment. Thus, the last section of the instruction was not required.

■ Further, the definition of deadly weapon is "any firearm, loaded or unloaded, or any weapon from which a shot, readily

capable of producing death or serious physical injury may be discharged." MAI–CR 2d § 33.01. By including the instruction, "attempted to kill" and "by shooting", the jury was fully apprised of the element required for a finding of assault in the first degree by means of a deadly weapon. This finding is further strengthened by the fact that the trial court is not required to submit a definition of "deadly weapon" unless requested by the state or by the defendant. Notes on Use, MAI–CR 2d § 19.02. The jury is presumed to have the knowledge that one may only be shot by means of a deadly weapon. The jury was properly instructed.

Judgment affirmed.

SMITH and KELLY, JJ., concur.