**STATE of Missouri, Respondent,**

v.

**William James ECHOLS, Appellant.**

**No. 52299.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 7, 1988.

William J. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant was convicted by a jury in the St. Louis County Circuit Court of attempted burglary first degree, RSMo §§ 564.011, 569.160 (1986). The trial court found defendant to be a prior offender and sentenced him to five years imprisonment. On appeal defendant alleges that the trial court erred in (1) submitting a verdict director that did not require the jury to find that defendant intended to commit a specific crime once in the building or that a person, not a participant in the crime, was in the building; and (2) trying the case on an information that failed to allege two elements of the crime. We affirm.

On December 19, 1985, at 4:45 a.m. the victim, Miss Bobbie Carter, was awakened by a noise which she originally thought was caused by a neighbor. The third time she heard the noise she proceeded to the front door of her apartment which she had previously blocked with a dresser since she

had been using the front room as her bedroom. The victim then asked who was at the door. Defendant replied, "let me in, I'm cold." She told him to leave but he continued to push against the door. The victim testified that it sounded as if defendant was throwing his body against the door. She then telephoned the police.

The police arrived approximately three minutes later. After they entered the apartment through the back door, they moved the dresser from in front of the front door. The door frame fell to the floor. The police apprehended defendant in the basement beneath the stairwell.

■ In his first point on appeal, defendant argues that the trial court erred in submitting the State's instruction defining burglary. Defendant maintains that MAI–CR2d Notes on Use and the Southern District's decision in *State v. Pickins* require us to find the trial court in error. *See State v. Pickins,* 660 S.W.2d 705, 707–09 (Mo.App., S.D.1983); Notes on Use, MAI–CR2d 18.02, 23.50. We believe the Notes on Use mandate a contrary result. We reject *State v. Pickins.*

The general patterned instruction for submitting an attempt crime is found in MAI–CR2d 18.02.[1] "A separate instruction must be given defining the object crime...." Note on Use No. 3, MAI–CR2d 18.02. The object crime was first degree burglary which is defined in MAI–CR2d 33.01. The State submitted, word for word, the MAI–CR2d 33.01 definition of first degree burglary. "If the object crime is defined in a separate definition instruction, words and phrases used in that definition *which must be defined ... according to the Notes on Use* under the MAI–CR form for submitting the object crime, must be defined." Note on Use No. 3, MAI–CR2d 18.02 (emphasis added). First degree

burglary was the object crime; therefore we turn to the Notes on Use for MAI–CR2d 23.50 to determine which words must be defined *according to the Notes on Use* under the MAI–CR form for submitting first degree burglary. The Notes on Use under MAI–CR2d 23.50 require that "inhabitable structure" be defined.[2] "Inhabitable structure" is the *only* word or phrase which must be defined *according to the Notes on Use* for MAI–CR2d 23.50.

In the body of MAI–CR2d 23.50 "a definition of the crime defendant intended" must be inserted. This definition is *not* required when the object crime of first degree burglary is *not* charged because MAI–CR2d 23.50 is *not* submitted. The Southern District's position would change Note on Use No. 3, MAI–CR2d 18.02 to mean: "words and phrases which must be defined according to the *body of the instruction,*" instead of "words and phrases ... which must be defined ... according to the *Notes on Use....*" The Notes on Use for MAI–CR2d 18.02 and 23.50, when read together, do not require a definition of the crime defendant intended had he been successful in his attempt. We fail to see how any other construction of the directions provided would make any sense.

Similarly, defendant appears to argue that the submitted verdict director for attempted first degree burglary should have required the jury to find that defendant intended to commit a specific crime once in the building. We disagree. MAI–CR2d 18.02, the verdict director for attempt crimes, is a "fill in the blank," patterned instruction:

18.02 Attempts

    ....

... If you find and believe from the evidence beyond a reasonable doubt:

1. Defendant's trial was held before the effective date for MAI–CR3d, therefore all references will be to MAI–CR2d.

2. Note on Use No. 3, MAI–CR2d 23.50, requires the submission of an instruction defining "inhabitable structure." Defendant failed to point out this error. In the body of the instruction defining first degree burglary, "inhabitable

structure" is used in the disjunctive with "building." Thus the jury could have found that defendant attempted to enter a building or inhabitable structure. Since the residence in question was both a building *and* an inhabitable structure, we do not believe defendant was prejudiced by the absence of a definition of inhabitable structure.

First, that (on) (on or about) [*date*] in the (City) (County) of ___, State of Missouri, the defendant [*briefly describe the conduct which would constitute the attempt*], and

Second, that such conduct was a substantial step toward the commission of the crime of [*name of offense with sufficient details to identify person or property involved, e.g. rape upon Susan Doe or burglary of a specific building*] and was done for the purpose of committing such [*name of offense*], . . .

. . . .

then you will find the defendant guilty (under Count ___) of an attempt to commit [*name of offense*].

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

. . . .

To complete paragraph one, the State had to "briefly describe the conduct which would constitute the attempt." MAI–CR2d 18.02. The State complied with the direction by inserting: "banged on the front door of the residence, breaking the door frame. . . ." Paragraph two required "name of offense with sufficient details to identify person or property involved, *e.g.* . . . burglary of a specific building." *Id.* The State followed the direction and the example given by responding with: "burglary in the first degree of such residence." The Notes on Use do not require any more from the State other than the previously discussed definition of first degree burglary.

Defendant relies on *State v. Pickins* for the proposition that "the submission of attempted burglary requires a definition of burglary that includes the object crime and the elements thereof." *State v. Pickins,* 660 S.W.2d 705, 708 (Mo.App., S.D.1983). The Southern District came to this conclusion after considering the Notes on Use to MAI–CR2d 18.02 in connection with MAI–CR2d 23.50. The Southern District also points out that " '[t]he intent with which an

accused breaks and enters is an essential element of the offense of burglary. . . .' " *Id.* at 707 (quoting *State v. Asberry,* 559 S.W.2d 764, 767 (Mo.App., S.D.1977)). But the case before us is an *attempted* burglary. More is required of the State in proving burglary than is required to prove attempted burglary.

In the case before us the jury found that defendant took a substantial step toward the commission of burglary. But since the victim foiled defendant's effort to enter the apartment, it is difficult to infer with specificity, which crime defendant intended to commit once in the apartment. Had defendant entered and taken a substantial step toward the crime intended, he would have been charged with attempting that crime instead of attempted burglary. Accepting defendant's argument would virtually eliminate the crime of attempted burglary in those cases in which resistance by the victim and fine police work combine to thwart a burglar's attempt to commit the intended crime. We refuse to reach such a result. We do not believe the correct reading of the Notes on Use supports defendant's position. Nor do we believe that the Committee on Pattern Criminal Instructions intended to emasculate attempted burglary first degree, RSMo §§ 564.011, 569.160 (1986), through the use of instructions. We believe that the verdict directing instruction, as submitted by the State, required the jury to find the facts necessary to constitute the essential elements of attempted first degree burglary. *State v. Shirley,* 657 S.W.2d 686, 688 (Mo.App., E.D.1983). Point denied.

In his second point, defendant again attacks the sufficiency of the verdict directing instruction. Defendant asserts that the verdict director failed to require the jury to find that another person, not a participant to the crime, was present in the building. A verdict director must require the jury to find every fact necessary to constitute the essential elements of the offense charged. *State v. Shirley,* 657 S.W.2d at 688. The verdict director in the case before us set forth the facts which constituted the substantial step towards the commission of a burglary. After finding these facts to be true, the jury then

turned to the definition of burglary instruction to find whether defendant's conduct constituted a substantial step towards burglary. *See* MAI–CR2d 33.01. Thus in reaching its conclusion that defendant's conduct constituted a burglary, the jury looked to the definition of burglary which contained the element of presence of a person not a participant in the crime. The verdict director when read together with the definition of burglary instruction sufficiently informed the jury of the elements of attempted burglary. This point is denied.

■ Defendant next argues that the amended information failed to allege two essential elements of attempted first degree burglary. Defendant asserts that the information was defective because it failed to allege defendant's intent and that another person, not a participant to the crime, was in the building. These elements are necessary to prove burglary, but defendant was not charged with burglary. He was charged with attempted burglary. The information followed MACH–CR 18.02. The information sufficiently apprised defendant of the charge against him. *State v. Lewis*, 642 S.W.2d 627, 630 (Mo. banc 1982). We find no error.

Finding each of defendant's arguments to be without merit, we affirm his conviction.

REINHARD and CRIST, JJ., concur.