**STATE of Missouri, Plaintiff–Respondent**

v.

**Roy POLITTE, Defendant–Appellant.**

**No. 19345.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 1994.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Roy Politte (defendant) was convicted of attempted burglary in the first degree. §§ 564.011 and 569.160.[1] Due to instructional error, the conviction must be reversed and remanded for new trial.

1. References to statutes are to RSMo 1986.

The dispositional point on appeal is defendant's allegation that the trial court gave the jury an erroneous instruction. It is, therefore, not necessary to digest acts the state alleges defendant committed. The facts that follow relate to the instructional error that occurred.

The instruction about which defendant complains (with the language he challenges set out in bold type) states:

INSTRUCTION NO. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on the 24th day of December, 1992, in the County of Wayne, State of Missouri, the defendant removed the lightbulb [sic] from the porch light of a residence located at HCR 1, Box 353, Silva, Missouri, occupied by Raymond Howard and Anna Howard and attempted to gain entry into the dwelling house by forcing open a door, and

Second, that such conduct was a substantial step toward the commission of the offense of burglary in the first degree of said dwelling house, and

Third, that defendant engaged in such conduct for the purpose of committing such burglary in the first degree,

then you will find the defendant guilty of an attempt to commit burglary in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of burglary in the first degree when he knowingly enters unlawfully in an inhabitable structure **for the purpose of committing a crime therein** and that while the defendant is effecting entry in the inhabitable structure, another person who is not a participant in the crime was present in the structure.

As used in this instruction, the term "substantial step" means conduct which is

strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of burglary in the first degree.

[The part of the instruction applicable to punishment is omitted]

Defendant's Point II contends the instruction did not adequately define the offense of attempted burglary in the first degree because it failed to identify the "specific object crime" that was the purpose of defendant's attempted unlawful entry. He cites *State v. Nolan*, 872 S.W.2d 99 (Mo. banc 1994).

Here, as in *Nolan*, the applicable pattern instruction was MAI–CR 3d 304.06. In both cases only an attempted crime was charged, i.e., the attempted crime charged was not submitted as an included offense of a completed crime. In those circumstances, applicable Notes on Use require that a paragraph be included in the verdict-directing instruction defining the "object crime" of the attempted offense. *See* MAI–CR 3d 304.06 n. 4. The pattern for the paragraph that must be included is:

(A person commits the crime of [*name of crime* ] when he [*Insert definition of crime including all elements thereof.*])

 The "object crime," when referring to first degree burglary, is the offense the perpetrator of the burglary intended to commit upon his or her entry on the premises, e.g., stealing, assault, arson. As in *Nolan*, the instruction in this case did not define burglary in the manner prescribed in MAI–CR 3d 333.00. 872 S.W.2d at 102. The giving of Instruction No. 5 was error. *Id.* at 103.

In *Nolan*, the question of instructional error was reviewed only for plain error. The error was not preserved for appellate review in that it was not included in the motion for new trial filed in the trial court. The court found that although the instruction was erroneous, based on the facts and circumstances in that case, it did not constitute plain error. *Id.*

In this case the error was preserved for appellate review. Whether a deviation from MAI–CR 3d is prejudicial error must be judicially determined. Rule 28.02(f). The giving of an instruction that deviates from the approved pattern must be deemed prejudicial unless the contrary clearly appears. *State v. Lasley*, 583 S.W.2d 511, 517 (Mo. banc 1979); *State v. Pickins*, 660 S.W.2d 705, 708 (Mo.App.1983).

The only term used in Instruction No. 5 to describe the object of the illegal entry was "crime." The jury was told that burglary is the illegal entry into an inhabitable structure "for the purpose of committing a crime therein." This court has previously held that such a definition is inadequate; that it constitutes prejudicial error. *Id.* at 708–09. Point II is granted. The error requires that the conviction be reversed and the case remanded for a new trial.

Because Point II is dispositive of the appeal, it is not necessary to address the other issues defendant has raised. The conviction is reversed. The case is remanded for a new trial.

GARRISON, P.J., and CROW, J., concur.