Gary R. HUNTLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 27540.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 27, 2006.

Nancy A. McKerrow, Columbia, MO, for Appellant.

Cecily L. Daller, Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Chief Judge.

Gary R. Huntley (Huntley) appeals from an order denying his Rule 24.035 motion for post-conviction relief from his pleas of guilty to three charges of burglary in the first degree. *See* § 569.160.[1] One of the essential elements of this crime is that the defendant enter a building or inhabitable structure "for the purpose of committing a crime therein...." While attempting to avoid being arrested by the police, Huntley forced his way into three apartments with one or more occupants inside. In Huntley's amended motion, he contended there was no factual basis for his guilty pleas. *See* Rule 24.02(e). The only alleged deficiency was the absence of an assertion at the plea hearing "that Movant entered the apartments ... for the purpose of committing a crime therein." Huntley took the position that the files and records from his underlying criminal case conclusively proved he was entitled to post-conviction relief, so he waived his right to an evidentiary hearing. The motion court denied relief, and this appeal followed. We affirm.

---

1. All references to statutes are to RSMo (2000) unless otherwise specified, and all references to rules are to Missouri Court Rules (2006).

## I. Factual and Procedural Background

On July 23, 2003, Huntley was charged by felony information with three counts of burglary in the first degree. Count I of the information read as follows:

The Prosecuting Attorney ... charges that the defendant, in violation of Section 569.160 ... committed the class B felony of burglary in the first degree, punishable upon conviction under Section 558.011.1(2) ... in that on or about the 4th day of January, 2003. ... the defendant, GARY R HUNTLEY, knowingly entered unlawfully in an in habitable [sic] structure, located at [victim Nichols' address] and possessed by [victim Nichols], for the purpose of resisting arrest therein, and while in such inhabitable structure there was present in such inhabitable structure, [victim Nichols], a person who was not a participant in the crime.

Except for the substitution of the names and addresses of victims Keeth and Dodson, Counts II and III were identical. The felony information was read to Huntley at his arraignment on July 25, 2003. He entered a plea of not guilty on all counts. Thereafter, Huntley waived his right to a jury trial and was scheduled to be tried by the court on June 9, 2004.

On the day of trial, Huntley pled guilty to all three counts pursuant to a plea agreement he had reached with the State. In exchange for Huntley's guilty pleas, the State agreed to dismiss a separate felony charge against him and to recommend a concurrent 12–year sentence on each count. At the plea hearing, the court confirmed Huntley's intention to withdraw his not-guilty pleas and recited the terms of the plea agreement. The court then placed Huntley under oath and elicited the following testimony from him:

THE COURT: And how old are you, sir?

[Huntley]: Thirty.

THE COURT: How far did you go in school?

[Huntley]: Eleventh grade.

THE COURT: Do you read, write, and understand the English language?

[Huntley]: Yes, Your Honor.

THE COURT: Are you under the influence of any medication, alcohol, or drugs here today?

[Huntley]: No, sir.

THE COURT: Are you in good physical and mental health here today?

[Huntley]: Yes, sir.

THE COURT: Have you ever been treated for any mental disorder or been under the care of a psychiatrist or psychologist?

[Huntley]: No, sir.

THE COURT: [Defense counsel], do you know of any competency issues concerning your client?

[Defense counsel]: No, Your Honor.

THE COURT: Mr. Huntley, I briefly read the charges against you before I placed you under oath. Do you understand those charges?

[Huntley]: Yes, sir.

THE COURT: Do you have any questions about the charges?

[Huntley]: No, sir.

THE COURT: And I read your plea agreement. Do you understand the plea agreement?

[Huntley]: Yes, Your Honor.

THE COURT: Do you have any questions about the plea agreement?

[Huntley]: No, sir.

THE COURT: Now, have you had sufficient time to talk with [defense counsel] about this case?

[Huntley]: Yes, sir.

The court then asked the prosecutor to inform Huntley of the range of punishment and factual basis for the plea. The prosecutor gave the following response:

Counts I, II, and III are all Class B felonies. A Class B felony carries 5 to 15 years in the Department of Corrections. Therefore, the defendant is facing a maximum of 45 years in prison. The factual basis is that on January 4th of 2003 Corporal Blane Kennard of the Greene County Sheriff's Department initiated a traffic stop on a Chevy Astro van in that area of Farm Road 89 and State Highway 266 in Greene County, Missouri for the reason that the driver, Gary R. Huntley, had an active felony warrant.

Mr. Huntley refused to stop and led the officer on a high speed chase at speeds of over 100 miles per hour. The vehicle pursuit ended at an apartment complex at 440 South New in Springfield, Greene County, Missouri.

The vehicle chase ended when Mr. Huntley fled from the vehicle into the apartment complex. Mr. Huntley forced open the door to apartment A–103, a resident Patricia Nichols was home at the time. She reported that Mr. Huntley grabbed her by the arm and removed a phone from her hand.

Ms. Nichols further reported that Mr. Huntley then ripped the phone cord from the wall. Mr. Huntley then entered a second apartment numbered A–301. That apartment was possessed by Larra Keeth, who was home at the time. Ms. Keeth reported that she did not give Mr. Huntley permission to enter the apartment.

Mr. Huntley then entered a third apartment numbered A–302. That apartment was possessed by Joselyn Dodson, who was also home at the time along with two juveniles and person by the name of William Leeth (ph.). Ms. Dodson reported that she did not give Mr. Huntley permission to enter the apartment. Mr. Huntley was then taken into custody.

On January 5th of 2003 Corporal Chad White of the Springfield Police Department interviewed Mr. Huntley about these events. After being advised of his Miranda rights Mr. Huntley agreed to speak with Corporal White. Mr. Huntley stated that he knew he had an active warrant for his arrest.

Mr. Huntley further stated that he did not know the residents of the three apartments and knew that he did not have permission to enter the apartments.

After this recitation by the prosecutor of the facts supporting the first degree burglary charges, the following exchange occurred between the court and defense counsel:

THE COURT: [Defense counsel], do you believe if this case went to trial the State could make a submissible case?

[Defense counsel]: Yes, Your Honor. I—I do want to comment just one thing. I think [the prosecutor] said there was a felony warrant for my client at the time. I think it was a contempt action, a child support.

THE COURT: I think your client had said that he thought there was a warrant for his arrest and that's why he ran.

[Defense counsel]: That—that—that— yes. I just thought he said a felony warrant. I don't believe there was one.

THE COURT: Your client thought there was a warrant and that's why he ran.

[Defense counsel]: Yes, yes, yes. I'm not disputing that.

After these statements by the prosecutor and defense counsel, the court asked Huntley if he was pleading guilty "because you did as [the prosecutor] stated in the factual basis and your attorney?" Huntley answered affirmatively. The court found that there was a factual basis for Huntley's three guilty pleas and that the pleas were

made voluntarily with an understanding of his rights. The court scheduled a sentencing hearing for August 6, 2004.

Huntley failed to appear for sentencing, and a capias warrant was issued for his arrest. After he was back in custody, the sentencing hearing was held on October 29, 2004. Defense counsel asked the court to set aside Huntley's guilty pleas because: (1) Huntley did not think he was guilty as charged; (2) he was intimidated by the courtroom; and (3) he was under the influence of controlled substances when he entered his plea. Huntley was permitted to directly elaborate on these assertions:

> Your Honor, I was just—I was real paranoid that day. I remember you asking me that stuff. When I left, my girlfriend even told me, I don't think that judge wanted you to take that. But she's like—you know, he can't tell you not to do it.
>
> You know, I don't feel I'm guilty as charged, you know. I think it's—it's overcharged for—for what I did. You know, I've read up on the law and stuff like that. And, you know, I—I feel that I was guilty of trespassing, not—I had no intention of committing a crime when I went in any of these places, you know. I was under the influence of drugs right then of methamphetamine. And I was—I was afraid the police was [sic] going to shoot me, because prior to that I was on a high speed chase.... I need help for my—my drug addiction, you know.... Your Honor, I don't feel that I'm guilty, you know, as—as seriously as that they're trying to give me, you know. The law books say that, you know, what

I'm guilty of is, the way I read it, sir, is that if [sic] first degree, I state, a misdemeanor of trespassing.... It would carry a year in the county jail. And a year in the county jail and 12 years, that's quite a bit of difference, Your Honor.

The judge declined to allow Huntley to withdraw his guilty pleas because he pled guilty after "a long discussion of the facts and what occurred," and the court would not have accepted the pleas absent a factual basis. Huntley was sentenced to serve three concurrent 12–year terms of imprisonment.

Thereafter, Huntley filed a timely *pro se* motion seeking post-conviction relief pursuant to Rule 24.035. After counsel was appointed, an amended motion was filed. As noted above, the only issue it presented was whether there was sufficient compliance with Rule 24.02(e), which precludes a court from entering judgment on a guilty plea "unless it determines that there is a factual basis for the plea." The amended motion alleged that there was no factual basis for Huntley's guilty pleas because there was no assertion that he entered the three apartments "for the purpose of committing a crime therein."

The motion judge (who also took Huntley's guilty pleas) denied relief. The court noted the information specifically alleged that Huntley entered the apartments "for the purpose of resisting arrest therein," which is a separate crime. *See* § 575.150.[2] The court denied relief because:

> [I]t is clear from the facts that were recited that [Huntley] was fleeing the officer at the time [Huntley] committed

**2.** References to § 575.150 are to RSMo Cum. Supp. (2003). This statute states, in pertinent part, that "[a] person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehi-

cle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person: (1) Resists the arrest, stop or detention of

the entrance into the apartments and, in view of his own admissions, that the entrance was done for the purpose of evading the officer. The facts, taken as a whole, are sufficient to establish burglary in the first degree.

This appeal followed.

## II. Standard of Review

██ Appellate review of an order overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Fisher v. State*, 192 S.W.3d 551, 553 (Mo.App.2006). We presume that the motion court's findings and conclusions are correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Black v. State*, 151 S.W.3d 49, 54 (Mo. banc 2004). Huntley bore the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence. *Reid v. State*, 192 S.W.3d 727, 731 (Mo.App.2006).

## III. Discussion and Decision

Huntley presents only one point on appeal. He contends the motion court erred in concluding that he knowingly and voluntarily pled guilty to three counts of first degree burglary because the factual basis for his pleas was inadequate. As applicable here, the elements of this charge are: (1) knowingly entering an inhabitable structure unlawfully (2) for the purpose of committing a crime therein (3) while a nonparticipant in the crime is present in the structure. § 569.160.1(3); MAI–CR 3d 323.52. Huntley claims there was no fac-

tual basis for the plea court to find that the second element was satisfied because "the prosecuting attorney omitted the essential element that it was [Huntley's] purpose when unlawfully entering the apartments to commit a crime therein, or what the underlying crime was." We disagree.

██ A trial court cannot enter a judgment upon a guilty plea unless it determines there is a factual basis for the plea. Rule 24.02(e). The factual basis for a guilty plea can be established from anything that appears clearly on the record at any time before judgment is entered. *Price v. State*, 137 S.W.3d 538, 542 (Mo.App.2004). A factual basis exists where the plea is voluntarily and understandingly made and is unequivocal as to the factual requisites necessary to establish every element of the charge. *State v. Shafer*, 969 S.W.2d 719, 734 (Mo. banc 1998). "The defendant need not admit to or even believe the truth of the charges; it is required only that the plea be made knowingly and voluntarily." *Saffold v. State*, 982 S.W.2d 749, 753 (Mo.App.1998). Furthermore, the trial court is not required to explain every technical element of the crime to the defendant as long as he demonstrates an understanding of the nature and elements of the charge. *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996); *Vann v. State*, 959 S.W.2d 131, 134 (Mo.App.1998). We do not focus on whether a particular procedure was followed or details were explained, but on whether the guilty plea was, in fact, made intelligently and voluntarily. *Flood v. State*, 476 S.W.2d 529, 533 (Mo.1972); *Daniels v. State*, 70 S.W.3d 457, 461 (Mo.App.2002).

██ Huntley claims there was an inadequate factual basis because the prosecutor omitted the second element from his reci-

---

such person by using or threatening the use of violence or physical force or by fleeing from such officer...." § 575.150.1.

tation of the factual basis at the plea hearing. Due to that alleged omission, Huntley claims his pleas were not knowingly and voluntarily entered because he did not understand the elements of the crime. We find that argument unpersuasive. At Huntley's arraignment, the information was read to him. In each count of that document, the State charged that Huntley "knowingly entered unlawfully in an in habitable [sic] structure ... *for the purpose of resisting arrest therein ....*" (Italics added.) At the plea hearing, the court questioned Huntley about his educational background, mental health, competency, use of mind-altering substances, his understanding of the charges against him and the terms of the plea agreement. None of his answers gave the plea court any reason to be concerned about his ability to comprehend what was happening. The prosecutor's lengthy recitation of the facts giving rise to the first degree burglary charges was sufficient to establish the following facts: (1) Huntley knew there was a warrant out for his arrest; (2) when police attempted to arrest Huntley, he fled; (3) he led officers on a high-speed chase that ended at an apartment complex; (4) in an attempt to elude police, Huntley entered the apartment complex and successively entered three apartments without permission; and (5) the occupants of those apartments were present when Huntley unlawfully entered. These facts were sufficient to support the conclusion that Huntley entered all three apartments for the purpose of fleeing from police attempting to arrest him. Therefore, he entered all of the apartments for the purpose of committing a crime therein, to wit: resisting arrest in violation of § 575.150. Accordingly, the facts outlined by the prosecutor satisfied the second element of the charge of burglary in the first degree.

 Huntley also argues that the factual basis for his pleas was insufficient because: (1) the plea agreement had no space for him to state what he did to make him guilty; (2) he did not complete a Petition to Enter Plea of Guilty; and (3) he was not asked at the hearing to state what he did that made him guilty of the charges. These arguments are meritless because "the factual basis does not have to be established from the defendant's words or by an admission of the facts as recited by the State, as long as the basis exists on the record as a whole." *Martin v. State,* 187 S.W.3d 335, 339 (Mo.App.2006). A factual basis exists when the defendant understands the facts recited by the judge or prosecutor and is aware of the nature of the charge. *Wofford v. State,* 73 S.W.3d 725, 727–28 (Mo.App.2002). The record as a whole shows that Huntley was aware of the nature of the charges against him. At the plea hearing, he admitted that he was guilty for the reasons outlined by the prosecutor. The only issue raised by defense counsel, which had no bearing on the issue of Huntley's guilt, was whether there was a felony warrant out for Huntley's arrest. Otherwise, defense counsel did not challenge the prosecutor's account of what had transpired. In considering whether Huntley's pleas were knowing and voluntary, the motion court also had a right to consider Huntley's statements at the sentencing hearing. It is evident from his remarks that he had a very clear understanding of the charges against him. His desire to withdraw his pleas of guilty stemmed from his misconception that he had to have the intent to commit another crime, apart from resisting arrest, when he entered the three apartments in order to be guilty of burglary in the first degree. Huntley's statements to the court demonstrated that he "was aware of the contents of the information and that he had some familiarity with the elements of the charge." *Giles v. State,* 562 S.W.2d 106, 109 (Mo.App.1977). Huntley's subsequent denial that his actions satisfied those elements is immaterial. "Where the defendant admits facts,

which are sufficient to constitute the offense to which he is pleading guilty, [he] may not later attack the plea of guilty by alleging he did not understand the nature of the charge." *Id.* at 110.

Huntley relies on *State v. Politte,* 886 S.W.2d 946 (Mo.App.1994), and *Johnson v. State,* 172 S.W.3d 831 (Mo.App.2005), to aid his argument, but neither case is on point. In *Politte,* we reversed the defendant's conviction for first degree attempted burglary because the prosecution failed to specify the object crime in its jury instruction. *Politte,* 886 S.W.2d at 947. The proper method for instructing a jury is irrelevant to whether a factual basis existed for Huntley's guilty plea, and, in any event, the object crime of resisting arrest was established by the prosecutor's factual recitation. In *Johnson,* we reversed the defendant's conviction for two counts of sale of a controlled substance because no factual basis existed for defendant's guilty plea. *Johnson,* 172 S.W.3d at 836. In that case, the purported factual basis for the pleas was contained in two probable cause affidavits that were attached to the information. These affidavits were not mentioned anywhere in the transcript from the plea hearing, and there was no indication in the record the plea court ever saw them. Therefore, the plea court lacked a factual basis to accept the defendant's guilty pleas. *Id.* at 834–36. No such circumstances were present in the case at bar.

The motion court did not clearly err in concluding that there was an adequate factual basis for Huntley's guilty pleas. Consequently, the order denying his amended Rule 24.035 motion is affirmed.

LYNCH and BARNEY, JJ., Concur.