Roderick D. **FRANKLIN**,
Movant/Appellant,

v.

**STATE of Missouri**,
Respondent/Respondent.

No. 74325.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1999.

Rosemary D. McGuire, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael P. Barry, Asst. Atty. Gen., Jefferson City, for respondent.

MARY K. HOFF, Presiding Judge.

Roderick D. Franklin (Movant) appeals from the motion court's Findings of Fact, Conclusions of Law and Judgment (judgment) denying his Rule 24.035 motion without an evidentiary hearing. Movant was charged with several counts: burglary in the first degree (Counts I and III); stealing $150 or more (Count II); robbery in the second degree (Count IV); passing bad checks (Count V); stealing under $150 by deceit (Count VI); and stealing $150 or more by deceit (Count VII). Movant pleaded guilty to all charges and was sentenced to several concurrent terms, a total of ten years. We reverse and remand to the court to vacate the portion of the judgment reflecting Movant's pleas of guilty on Counts V through VII because of an insufficient factual basis, and for further proceedings on those counts. We affirm the remainder of the court's judgment arising out of Movant's guilty pleas on Counts I through IV.

After the pleas and sentencing, Movant filed a First Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing. Rule 24.035. The court denied Movant's Request for Evidentiary Hearing and issued its judgment stating Movant failed to establish by a preponderance of the evidence that he was entitled to post-conviction relief. Movant appeals.

In his first point, Movant argues the motion court erred in denying Movant's claims that his pleas were not knowing and voluntary and must be set aside because there was an insufficient factual basis to support his guilty pleas. Movant contends this failure to ascertain the factual basis underlying each of State's charges violated his right to understand the nature of the charges against him and the facts underlying them as required by Rule 24.02(e), and his right to due process, right to a fair trial, and privilege against self-incrimination as guaranteed by the United States Constitution and Missouri Constitution.

We review the motion court's judgment only to determine "whether [its] findings and conclusions ... are clearly erroneous." Rule 24.035(k). "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). "A factual basis [for a plea of guilty] is established if the defendant understands the facts recited by the judge...." *State v. Morton*, 971 S.W.2d 335, 340 (Mo.App. E.D.1998). The court should not accept a guilty plea if the facts in the record "do not establish the commission of a crime." *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App. E.D.1993). However, it is not necessary that every element of the crime be explained so long as the defendant understands the nature of the charges against him. *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

Movant claims no factual basis was ever established during the plea hearing on the charges against him because the prosecutor was never called to recite the evidence and witnesses that would be introduced at trial. The motion court found Movant's pleas were knowingly and voluntarily made.

At the plea hearing, the following occurred with respect to Counts I through IV:

Q. [By the court] [S]ir, you are charged in Count I with burglary in the first degree by on or about April 1, 1996, going inside 9227 Cottonwood Drive without permission at a time when Donald Gronemeyer was in the place. Did you go inside at that time without permission?

A. [Movant] Yeah.

[Prosecutor]: I'm sorry, Your Honor, and just that Mr. Gronemeyer was not a participant in the crime.

Q. .... That's correct. All right. Mr. Gronemeyer was not with you in any crime, right?

A. Yes.

Q. Okay. And did you then also steal more than $150 from him at that time?

A. Yeah.

Q. And on April 23, 1996, did you unlawfully enter 2210 McLaran Avenue without

permission when Arthur Wehmeyer was inside the house, and he was not a participant in the crime? Is that correct?

A. Yeah.

Q. And on the same date and time did you forcibly steal some money by grabbing it from Arthur Wehmeyer?

A. Yeah.

The trial court established a factual basis to support the charges against Movant in Counts I through IV. Nothing in the record indicates either that Movant did not understand the facts stated by the trial court or that Movant failed to understand the nature of these charges against him. The plea hearing transcript clearly establishes Movant's commission of these crimes. We find a sufficient factual basis supported the pleas on these counts. Therefore, the motion court's determination that Movant's guilty pleas on Counts I through IV were knowingly and voluntarily made was not clearly erroneous. Point denied as to Counts I through IV.

As to Counts V through VII, State concedes the trial court erred when it entered a judgment on Movant's guilty pleas on these counts because the court failed to establish a sufficient factual basis for those pleas.

■ We find the record supports a remand to the court to vacate Movant's pleas of guilty as to Counts V through VII. While the trial court summarily determined Movant knew what the charges were in those counts, there was no mention of other necessary facts pertinent to Movant's commission of those crimes so as to determine whether Movant understood the nature of these charges. Specifically, the following occurred during the plea hearing:

Q. [By the court] Okay. Now, do you understand – Let me see. Then there's also a bad check in Count V and misdemeanor in Count VI and a Class C felony of stealing $150 or more by deceit in Count VII. And are you guilty of all three of those also?

A. [Movant] Yeah.

The transcript before us does not include the factual basis necessary to establish conduct by Movant which constitutes passing bad checks as charged in Count V, stealing under $150 by deceit as charged in Count VI, and stealing $150 or more by deceit as charged in

Count VII. Accordingly, we reverse and remand to the court to vacate the judgment reflecting Movant's pleas of guilty on Counts V through VII and for further proceedings on those counts.

In his second point, Movant argues the motion court erred in denying an evidentiary hearing on Movant's claims that his pleas were not voluntary and knowing because: (a) he was misinformed by the trial court regarding its ability to order and/or recommend drug treatment programs as part of his sentence; (b) his attorney conducted no investigation regarding the availability of and his eligibility for a drug treatment program, and had Movant been informed by the trial court or by counsel that alternative sentencing was available, there is a reasonable likelihood he would have been sentenced to a drug treatment program; and (c) these allegations were not conclusively refuted by the record.

In light of our disposition of Movant's first point regarding Counts V through VII, we do not address his second point with respect to those counts. As to Movant's second point regarding Counts I through IV, we find the motion court's findings and conclusions and failure to conduct an evidentiary hearing were not clearly erroneous. Rule 24.035(k). An extended opinion reciting the detailed facts and restating the principles of law on this point as to Counts I through IV would have no precedential value. Point denied. With respect to Movant's second point, we affirm the judgment as to Counts I through IV, in accordance with Rule 84.16(b).

We reverse the portion of the court's judgment reflecting Movant's guilty pleas on Counts V through VII. We remand to the court to vacate Movant's convictions on those counts and for further proceedings only on those counts. We affirm the remainder of the court's judgment as to Counts I through IV.

Judgment affirmed in part and reversed and remanded in part.

GARY M. GAERTNER, Judge and RHODES RUSSELL, Judge, concur.