Timothy J. WOFFORD, Respondent,

v.

STATE of Missouri, Appellant.

No. WD 59866.

Missouri Court of Appeals,
Western District.

Feb. 19, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 2, 2002.

Application for Transfer Denied
May 28, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for appellant.

Tara L. Jensen, Asst. Public Defender, Kansas City, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., THOMAS H. NEWTON and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, J.

The State of Missouri appeals the motion court's judgment granting Mr. Wofford's Rule 24.035[1] motion for post-conviction relief, which vacated his guilty plea to the charge of manufacturing methamphetamine. We reverse.

## I. Factual Background

Mr. Wofford pled guilty to the charge of manufacturing a controlled substance (methamphetamine) under § 195.211[2] in the Circuit Court of Holt County, before the Honorable John C. Andrews. At the time he pled guilty, Mr. Wofford filed a petition to enter a plea of guilty in which he admitted to manufacturing and producing methamphetamine. Also, in the plea petition, he acknowledged that he read and understood the "information" that recited the charge. Mr. Wofford stated that he had read, understood, and signed the plea petition. Additionally, when asked by the plea court what he had done to be charged for this crime, Mr. Wofford stated that he had "[m]anufactured methamphetamine."

The State then recited the facts that it would attempt to prove if the case went to trial. In a summary fashion, they are: The sheriff's office received information that there was a drug lab at the "Parker residence." While conducting surveillance, the police observed what they believed to be Mr. Wofford's presence in the home on numerous occasions.[3] After obtaining a search warrant, the police searched the "Parker residence." Methamphetamine in various stages of manufacture was found inside the home, along with paraphernalia for the manufacture of methamphetamine. Mr. Wofford, along with other individuals, was arrested inside the residence.

Subsequent to the State's recitation of the facts in the case, Mr. Wofford told the plea court that he agreed that these statements were accurate and true. Furthermore, Mr. Wofford stated that he understood the plea agreement. He would

---

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2001).

2. Unless otherwise indicated, all statutory references are to RSMo 2000.

3. At the plea hearing, the State told the plea court that the police "observed an individual, who they thought was Larry McVey but later turned out to be the defendant."

receive a fifteen year sentence, and the State would dismiss an additional charge against him.

At this point in the plea hearing, the plea court inquired whether Mr. Wofford was pleading guilty to the charges because he was in fact guilty. Mr. Wofford answered in the affirmative. The plea court accepted Mr. Wofford's guilty plea, and sentenced him to fifteen years imprisonment.

Mr. Wofford filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035, and an amended motion for post-conviction relief was filed by appointed counsel for Mr. Wofford. An evidentiary hearing was held on the motion before the Honorable Roger Prokes. The motion court granted the motion for post-conviction relief and vacated Mr. Wofford's guilty plea.

In granting the motion, the motion court found that the plea court "failed to establish that there was a factual basis for Timothy J. Wofford's plea of guilty to the charge of manufacturing of a controlled substance in violation of Section 195.211." In the view of the motion court, this violated Rule 24.02(e), and the motion court ordered that Mr. Wofford's plea of guilty judgment be vacated and set aside.

## II. Standard of Review

■ Review of a Rule 24.035 motion for post-conviction relief is limited to determining whether the judgment of the motion court is clearly erroneous. Rule 24.035(k); *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). The motion court's rulings are presumed correct, and will be found clearly erroneous if, upon a review of the entire record, the appellate court is left with "the definite and firm impression that a mistake has been made." *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

## III. Legal Analysis

The State raises one point on appeal: that the motion court erred in granting Mr. Wofford's motion for post-conviction relief when it held that there was an insufficient factual basis for Mr. Wofford's guilty plea under Rule 24.02(e). Rule 24.02(e) states that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The State argues that, as a matter of law, the record below establishes a sufficient factual basis to support Mr. Wofford's guilty plea. Accordingly, the State urges that the motion court's grant of post-conviction relief should be reversed, and the plea court's sentence should be reinstated.

■ Before accepting a guilty plea, the plea court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App. E.D. 1993). "If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea." *Carmons v. State,* 26 S.W.3d 382, 384 (Mo. App. W.D.2000). "However, it is not necessary that every element of the crime be explained so long as the defendant understands the nature of the charges against him." *Franklin v. State,* 989 S.W.2d 678, 679 (Mo.App. E.D.1999).

■ Moreover, a defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists. *Carmons,* 26 S.W.3d at 384. "A factual basis is established if the defendant understands the facts recited by the judge or the prosecutor" at the guilty plea proceeding. *State v. Morton,* 971 S.W.2d 335, 340 (Mo.App. E.D.1998). "A defen-

dant, however, should express an awareness of the nature and elements of the charge to which he or she pleads guilty." *Carmons,* 26 S.W.3d at 384. Ultimately, it is not necessary for a trial court to explain every element of a crime to which a person pleads guilty so long as the defendant understands the nature of the charge *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996).

■ Turning to our case, the evidentiary basis for the plea court to find a factual basis to enter Mr. Wofford's plea consisted of basically three sources: 1) Mr. Wofford's petition to enter plea of guilty, which stated, *inter alia,* that he had "manufactured and produced a controlled substance, methamphetamine, in Holt County, Missouri on or about February 2000"; 2) Mr. Wofford's oral statement to the plea court (that he had "manufactured methamphetamine") when asked by the judge what he did to have these charges brought against him; and 3) statements made by the State in order to corroborate Mr. Wofford's guilty plea.[4]

■ After reviewing this evidence and holding an evidentiary hearing in this matter, the motion court stated the following in its order that granted Mr. Wofford's Rule 24.035 motion for post-conviction relief:

> Although Timothy J. Wofford stated both in his written plea agreement and upon interrogation that he had manufactured methamphetamine, there was no admission by him or statement by the prosecutor sufficiently outlining the elements of the charge so as to allow the Court to find that the Plaintiff in fact was knowingly admitting the violation of the required elements of Section

195.211, RSMo in that there was no demonstration to the Court or Timothy J. Wofford of:

> (A) The way Defendant Wofford was involved in manufacturing,

> (B) That Defendant Wofford knew, was aware or consciously disregarded a substantial and unjustifiable risk that the substance which was manufactured was methamphetamine, at the time of its manufacture, as required by 325.06, MAI CR 3rd.

Accordingly, the resolution of this case turns on whether the plea court was required to establish this aforementioned evidence, and if so, whether in fact the motion court was correct in its conclusion that the plea court failed to do so. As previously stated, the facts adduced at the plea hearing must be sufficient to "result in defendant being guilty of the offense charged." *Hoskin,* 863 S.W.2d at 639. Mr. Wofford was charged with one count of manufacturing methamphetamine under § 195.211. Section 195.211 states that "it is unlawful for any person to . . . manufacture . . . a controlled substance." To be convicted of the crime of manufacturing methamphetamine, the State must prove that the defendant: "(1) manufactured methamphetamine and (2) was aware the substance he manufactured was methamphetamine." *Salmons v. State,* 16 S.W.3d 635, 638 (Mo.App. W.D.2000).

Mr. Wofford argues that the motion court did not clearly err in granting his post-conviction motion for relief because the evidence adduced during his guilty plea hearing was insufficient as a matter of law to prove that the conduct for which he was charged satisfied each element of the offense. In particular, it is argued that the motion court was correct in finding

---

4. Opposing counsel does not dispute the relevant evidentiary basis for Mr. Wofford's guilty plea.

that before a guilty plea under § 195.211 can be accepted by a plea court, it must be established how the defendant was specifically involved in manufacturing methamphetamine.

We disagree. As previously stated, case law is unambiguous that only two elements need to be proven for a defendant to be found guilty of manufacturing methamphetamine: 1) that the defendant manufactured methamphetamine, and 2) knowledge that the substance produced was methamphetamine. *Salmons*, 16 S.W.3d at 638. This two prong test does not require that the specific means of production of methamphetamine be proven by the State. However, even assuming *arguendo* that the plea court is required to solicit the specific means in which Mr. Wofford manufactured methamphetamine in order to accept his guilty plea, it is our opinion that the plea court did so sufficiently. Before the plea court accepted Mr. Wofford's guilty plea, the State explained how the methamphetamine was manufactured when it was stated that:

> [t]here was extensive evidence of manufactured methamphetamine including methamphetamine in solution—it was in various stages of manufacture, finished product, paraphernalia. Evidence that it had been manufactured over a period of time in terms of burned and discarded pseudoephedrine and other supplies. And substantial lab was discovered.

When asked by the plea court whether this recitation of the facts *pertaining to his case* was accurate and true, Mr. Wofford replied, "Yes, sir." Accordingly, it cannot now be argued by Mr. Wofford that an insufficient factual basis existed because the plea court allegedly failed to create a record as to how he manufactured methamphetamine.

■ Mr. Wofford also argues that the State failed to prove that he "knowingly"

manufactured methamphetamine. Mr. Wofford cites *State v. Withrow* for the proposition that the "law in Missouri is very clear that 'the mere fact that a defendant is present on the premises where the manufacturing process is occurring does not by itself make a submissible case.' " 8 S.W.3d 75, 80 (Mo. banc 1999). However, *Withrow* is inapplicable to this case for several reasons. Most important, in *Withrow*, the defendant did not voluntarily plead guilty to the charge of manufacturing methamphetamine. *Id.* at 76. Naturally, without a defendant's admission, the State was required in *Withrow* to produce evidence, beyond the defendant's presence in the house where methamphetamine was being manufactured, to carry its burden of proof for a conviction under § 195.211. *Id.* at 80.

Unlike *Withrow*, Mr. Wofford admitted to manufacturing illicit drugs both in writing and orally. For example, in Mr. Wofford's petition to enter plea of guilty, it stated that: "I received a copy of the Information (charge against me). I read the Information and have discussed it with my lawyer. I fully understand every charge against me." This Information, that Mr. Wofford read and represented as being factually correct, stated that:

> the defendant ... in violation of Section 195.211, RSMo, committed the class B felony of manufacture of a controlled substance ... [when] the defendant manufactured and produced a controlled substance, Methamphetamine, by having a Lab with all the chemicals, materials and equipment to make it, knowing or consciously disregarding a substantial and unjustifiable risk that it was a controlled substance.

Accordingly, this evidence, in conjunction with the other circumstantial evidence presented by the State, created a strong factual and evidentiary basis for the plea

court to conclude that Mr. Wofford "knowingly" manufactured methamphetamine.

Finally, it is argued by Mr. Wofford that he only pled guilty because he mistakenly believed that his presence in the home, by itself, made him guilty of the crime, and that in actuality he never manufactured methamphetamine while residing in the "Parker Home." This argument is not persuasive. Mr. Wofford had the benefit of appointed counsel, and as previously mentioned, in his petition to enter a plea of guilty, Mr. Wofford affirmed that his attorney assisted him so he understood the charge against him. Furthermore, at the plea hearing, the plea court asked several questions about the legal representation afforded Mr. Wofford. Mr. Wofford was quite clear in stating that he was satisfied with legal counsel and that counsel had sufficiently discussed the charge and the entire case with him.

Because Mr. Wofford admitted (both orally and in writing) to manufacturing methamphetamine, coupled with the fact that Mr. Wofford agreed that the State's recital of his culpable conduct was accurate and true, nothing else needed to be established by the plea court before accepting Mr. Wofford's guilty plea.[5] This evidence established a sufficient factual basis for the requisite elements necessary to prove that Mr. Wofford was guilty of manufacturing methamphetamine under § 195.211.

### IV.   Conclusion

The motion court clearly erred in granting Mr. Wofford's motion for post-conviction relief, which vacated the guilty plea judgment. Accordingly, the judgment of the motion court is reversed, and the cause is remanded to the motion court with directions to reinstate Mr. Wofford's conviction and sentence.

HAROLD L. LOWENSTEIN, P.J., and RONALD R. HOLLIGER, J. concur.

---

**5.** This case represents the *minimum* requirements for a sufficient factual basis to be established under Rule 24.02(e). There can be no doubt that it is preferable for the court, before accepting a defendant's guilty plea, to elicit a few more particularities of the crime. For example, in this case, it would have taken little time for the plea court to inquire about the defendant's involvement in this criminal activity. Ultimately, in order to insure that an adequate factual basis is established under Rule 24.02(e), it is better to do a little more than less.