Martellas JONES, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 25428.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 20, 2003.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Martellas Jones (movant) pleaded guilty in case No. CR299–323F in the Circuit Court of New Madrid County to the offense of assault in the second degree, § 565.060.[1] Imposition of sentence was suspended. Movant was placed on probation for a term of five years. Movant's probation was subsequently revoked. He was sentenced to imprisonment for a term of five years. Following incarceration, movant filed a motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed and an amended motion filed. An evidentiary hearing was held after which the motion was denied. This court reverses and remands with directions that the motion court grant movant's Rule 24.035 motion and order movant's conviction in case No. CR299–323F (now case No. 34R029900323) in the Circuit Court of New Madrid County vacated and set aside and order further proceeding in that case. *See* Rule 24.035(j).

The transcript of the hearing at which movant pleaded guilty to the underlying criminal offense is part of the legal file in this case as is the transcript of movant's

---

1. References to statutes are to RSMo 1994.

sentencing hearing. The guilty plea hearing took place June 22, 1999. Movant waived formal arraignment. He told the trial court he wanted to plead guilty. Movant was told the range of punishment for the offense. The trial judge explained that movant did not have to plead guilty; that if he wanted to plead not guilty, he could have a trial. Movant was told of his right to a jury trial and his right to be represented by his lawyer if he chose a trial based on a plea of not guilty and of his right to forego testifying in those circumstances. After inquiring if movant understood the various rights the trial judge had explained, the following colloquy occurred:

THE COURT: I'm going to read the charge to you at this time, Mr. Jones.

"It has been charged by the State of Missouri that on or about the 29th day of May, 1999, in the County of New Madrid, State of Missouri, that you knowingly caused physical injury to Kevin Nolan [2] by means of a dangers [sic] instrument."

Now do you understand that charge of assault in the second degree that I just read to you?

[MOVANT]: Yes, sir.

THE COURT: And is that the charge to which you wish to plead guilty to today?

[MOVANT]: Yes, sir.

THE COURT: By pleading guilty to this charge are you admitting to the Court you committed this act?

[MOVANT]: Yes, sir.

THE COURT: By pleading guilty to this charge are you telling me you are in fact guilty of this crime?

[MOVANT]: Yes, sir.

This was followed by the trial judge being advised that movant's plea of guilty was tendered pursuant to a negotiated plea agreement; that the state was recommending suspended imposition of sentence and five years' probation. Following additional inquiry concerning movant's age—he was then 17 years old—and his plans to continue in school, the trial judge explained to movant the characteristics of a suspended imposition of sentence. The trial judge then accepted the plea of guilty, suspended imposition of sentence, and granted probation for a term of five years.

On February 26, 2002, movant appeared before the trial court to answer to an alleged probation violation. Movant admitted the violation. The trial judge revoked probation and imposed sentence of five years' confinement in the Missouri Department of Corrections. Movant was delivered to the department of corrections March 1, 2002. He filed a *pro se* Rule 24.035 motion May 28, 2002. Movant's appointed counsel was granted an additional 30 days in which to file an amended motion. An amended motion was filed September 3, 2002.

Movant's post-conviction motion was set for hearing December 17, 2002. Movant appeared in person and by counsel. The state appeared by the assistant prosecuting attorney of New Madrid County. Movant's attorney advised the court that the issue in the case was movant's claim that no factual basis was established for movant's plea of guilty. She requested the motion court to judicially notice the "underlying criminal file," stating, "[O]ur argument that—is that—the claim [is] supported by the record. There is no description of the injuries, and there's no descrip-

2. In the findings of fact and conclusions of law filed by the motion court, the spelling of the victim's last name is Nolen rather than

Nolan, as in this quoted material. In this opinion, this court will use the spelling that appears in the judgment.

tion of the weapon to support a second-degree assault charge." The motion court acknowledged the request and told the state it could provide the court with a copy of a case on which the state was relying. The motion court's docket entry dated "17–Dec–2002" states:

Movant appears in person and by Karen Bourgeois, his attorney. Respondent appears by Lewis H. Recker, Assistant Prosecuting Attorney. Case is taken up for evidentiary hearing and parties submit case on the files and records of this case and the underlying criminal case.

The motion court thereafter entered judgment and findings of fact and conclusions of law. The judgment acknowledged the "motion was submitted on the files and records" and taken under advisement. The judgment overruled the motion.

■ Movant contends the motion court erred in denying his Rule 24.035 motion because he was denied due process of law in that his plea of guilty in the underlying criminal case was accepted without a factual basis having been demonstrated for the offense with which he was charged. Movant's claim of error is based on the requirement of Rule 24.02(e) that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

*Franklin v. State,* 989 S.W.2d 678, 679 (Mo.App.1999), explains:

"A factual basis [for a plea of guilty] is established if the defendant understands the facts recited by the judge. . . ." *State v. Morton,* 971 S.W.2d 335, 340 (Mo.App. E.D.1998). The court should not accept a guilty plea if the facts in the record "do not establish the commission of a crime." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App. E.D.1993).

Section 565.060.1 provides:

A person commits the crime of assault in the second degree if he:

. . .

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; . . .

Section 556.061 states:

In this code, unless the context requires a different definition, the following shall apply:

. . .

(9) **"Dangerous instrument"** means any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury;

. . .

(20) **"Physical injury"** means physical pain, illness, or any impairment of physical condition;. . . .

■ Inherent in ascertaining whether a dangerous instrument was used to inflict physical injury is the circumstance in which the object was used. A factual assessment is required to determine whether an object that inflicted physical injury was a dangerous instrument. "[W]hether an instrument, article, or substance qualifies as a 'dangerous instrument' depends on 'whether the instrument is readily *capable* of causing death, serious disfigurement, or protracted loss or impairment of a body part and whether *any type* of physical injury resulted.'" *State v. Carpenter,* 72 S.W.3d 281, 283 (Mo.App.2002)(emphasis in original).

The extent of injury the victim in the underlying criminal case sustained was not described in the guilty plea hearing. The object used by movant in the alleged assault was not identified. The record is silent regarding what acts movant committed that were the basis for the offense with

which he was charged and to which he tendered a plea of guilty.

The findings of the motion court addressed matters outside the guilty plea hearing as its basis for denying movant's Rule 24.035 motion. Its findings referred to the complaint filed in the underlying criminal case. The motion court found that the complaint charged the class C felony offense of assault in the second degree; that "[t]he complaint further states:

> The facts which form the basis for the belief are: victim reported to police officers that [movant] had hit him with a brick. Victim was taken to a hospital where it was determined his jaw was broken. Witnesses identified defendant as one throwing the brick."

However, that document was not read nor was reference made to it during the guilty plea hearing.

The findings also refer to a presentence investigation report used in a sentencing hearing in another criminal case in which movant was the defendant. The motion court found that a presentence investigation report had been reviewed in that case; that the presentence investigation report included a summary of the basis for the assault case in which movant was granted probation; that it reported that case records indicated movant had assaulted Kevin Nolen by hitting Nolen in the face with a brick. The motion court's findings included the following quotation that was represented as having been included in the presentence investigation report from the other criminal case:

> [Movant's] statement at that time was "he and 'Arty' were walking past the Hartman's house and 'Sapp' (victim) was mouthing and then ran at him throwing something. [Movant] claims his reaction was to throw something and 'it hit him'."

The presentence investigation report was not a part of the sentencing hearing in the underlying criminal case nor does the record on appeal in this case reveal it was part of the files and records on which this case was submitted to the motion court.

■ The requirement of Rule 24.02(e) that a court shall not enter judgment on a plea of guilty unless a determination is made that there is a factual basis for the plea is directed to the record made at the guilty plea hearing. Matters not part of the guilty plea hearing are dehors the record. Just as an appellate court may not consider matters dehors the record, *see Daniel v. Indiana Mills & Mfg., Inc.*, 103 S.W.3d 302, 319 (Mo.App.2003); *State v. Hightower*, 951 S.W.2d 712, 717 n.3 (Mo.App.1997); *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App.1996); *Cox v. Crider*, 721 S.W.2d 220, 225 (Mo.App.1986); *Browning–Ferris Industries of Kansas City, Inc. v. Dance*, 671 S.W.2d 801, 807 (Mo.App.1984), neither may trial courts charged with complying with Rule 24.02 in determining whether to accept pleas of guilty rely on matters dehors the record. The factual basis for the plea of guilty must be gleaned from the record of the guilty plea hearing. *Franklin v. State*, 989 S.W.2d at 680.

■ No particular ritual is required in a guilty plea hearing in order to find a factual basis for the guilty plea. *Morgan v. State*, 852 S.W.2d 374, 375 (Mo.App.1993). However, a record that will withstand appellate scrutiny is required. No such record was made in this case. The motion court's reliance on matters dehors the record in finding the trial court in the underlying criminal case complied with Rule 24.02(e) was error. Its judgment overruling movant's Rule 24.035 motion was clearly erroneous. The judgment is reversed. The case is remanded. The motion court is directed to enter its order vacating the

**214**

judgment in the underlying criminal case that reflects movant's plea of guilty and directing further proceedings in that case.

SHRUM, J., and RAHMEYER, C.J., concur.