Carlos L. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 26428, 26533.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 1, 2005.

Motion for Rehearing or Transfer
Denied Aug. 22, 2005.

Jo Ann Rotermund, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn Naccarato, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Appellant Carlos L. Johnson ("Movant") appeals from the motion court's denial of his amended motion to vacate, set aside or correct judgment and sentence filed pursuant to Rule 24.035.[1] In his sole point on appeal, Movant maintains the motion court erred in denying his 24.035 motion "because there was no factual basis for [his] identical guilty pleas to two sales of a controlled substance on the same date."

On February 5, 2002, Movant was charged by Amended Information in case number 754109 with one count of the class B felony of sale of a controlled substance, a violation of section 195.211.[2] The

---

1. Unless otherwise stated, all rule references are to Missouri Court Rules (2004) and all statutory references are to RSMo 2000.

2. Section 195.211.1 states in pertinent part that, "it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce

Amended Information charged that "on or about August 24, 2001, in the County of Pemiscot, State of Missouri, [Movant] sold crack cocaine, a controlled substance, to a confidential informant, knowing that it was a controlled substance."

On that same day, a second case was filed against Movant in Pemiscot County. This second case, filed as case number 754102, also charged Movant with one count of the class B felony of sale of a controlled substance and charged that "on or about August 24, 2001, in the County of Pemiscot, State of Missouri, [Movant] sold crack cocaine, a controlled substance, to a confidential informant, knowing that it was a controlled substance."

On June 18, 2002, pursuant to a plea agreement, Movant pled guilty to the two charges of selling a controlled substance with the understanding that the State, *inter alia*, would recommend Movant receive two concurrent twelve year sentences which were also to run concurrent with a seven-year probation violation sentence in another case. At the guilty plea hearing, the following exchanges occurred between the plea court and Movant:

The Court: [Movant], your lawyer tells me today you want to plead guilty to the two charges of sale of a controlled substance that is contained in this case file; is that correct?

Movant: Yes, ma'am [sic].

* * *

The Court: [Movant], do you understand that each of these two separate charges of sale of a controlled substance, each of them were Class B felony offenses, and each of them carry a range of punishment of a term in the Department of Corrections of not less than 5,

nor more than 15 years; do you understand that range of punishment for each of these two charges?

Movant: Yes, sir.

The Court: And, do you also understand that you don't have to plead guilty to either one or both of these charges here today, and if you wished to proceed with your previously entered pleas of not guilty, you have the right to have a trial ... and the State's burden at a trial would be to prove each and every element of each of these two offenses....

Movant: Yes, sir.

* * *

The Court: Do you also understand that you do have the right to be represented by your lawyer at all stages of these proceedings ... if one or both of these charges were to go to trial....

Movant: Yes, sir.

The Court: Do you also understand that ... if I accept your pleas of guilty to each of these two respective Count II charges of sale of a controlled substance, as to each of these two charges, you're gonna give up and waive all your Constitutional rights....

Movant: Yes, sir.

* * *

The Court: And, keeping that in mind, are you asking me to accept each of your two respective pleas of guilty here today and follow the [State's] recommendation?

Movant: Yes, sir.

The plea court then read to Movant the charge outlined in the Amended Information in case number 754102 and Movant "admit[ed] to the Court [he] committed th[at] act" and that he was "in fact guilty

a controlled substance or to possess with intent to distribute, deliver, manufacture, or

produce a controlled substance."

of th[at] crime." Thereafter, the plea court read to Movant the Amended Information in case number 754109 and Movant agreed that he had committed that crime as well.

The plea court then accepted Movant's guilty pleas in the two above-mentioned cases. In its identical docket entries for both cases, the plea court noted that it found "the plea to be voluntary with full understanding of the charge; constitutional rights and range of punishment explained ... Allocution granted."

On September 12, 2002, Movant filed a *pro se* "Motion to Vacate, Set Aside or Correct the Judgment and Sentence." Thereafter, Movant was appointed counsel, who then filed an amended motion on October 3, 2003. After Movant waived evidentiary hearing on the motion, the motion court took the "case under advisement upon file and records."

On June 14, 2004, the motion court issued its Findings of Fact and Conclusions of Law in which it overruled Movant's motion for post-conviction relief as to the two cases in question. In its findings, the motion court noted that in case number 754102 the State had attached to the Amended Information filed in the plea court, a probable cause affidavit by a police officer assigned to the Bootheel Drug Task Force.[3] This affidavit, as recited in the motion court's findings, set out that on August 24, 2001, "a confidential informant told [the officer] that [he] had purchased $100.00 worth of crack from [M]ovant at Casey's parking lot in Caruthersville. The officer further stated that he 'conducted surveillance relevant to this purchase and a field test on the drug purchased tested positive for cocaine base.'" The motion court went on to detail that a probable

cause affidavit was also filed by the same police officer along with the Amended Information filed in case number 754109. In that affidavit, the officer stated that a confidential informant "purchased $100.00 worth of crack cocaine from [M]ovant 'at 18th St. riding a bike in Caruthersville, Mo.'" According to the motion court, the elements of the crimes in both cases "were explained to [M]ovant as to each sale, and the plea court complied with Rule 24.02(e). Merely because the cases were taken up together, does not change the fact that a factual basis was established for each separate sale." Accordingly, the motion court found that Movant did not meet his "burden of proving his claims that there was only one sale" and Movant was not entitled to relief upon his double jeopardy claim.

This appeal by Movant followed.

■■■ Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Ross v. State*, 48 S.W.3d 667, 669 (Mo.App.2001). "The findings and conclusions are deemed erroneous if after reviewing the record, this court is left with the definite and firm belief that a mistake has been made." *Goings v. State*, 1 S.W.3d 600, 601 (Mo.App. 1999) (quoting *Saffold v. State*, 982 S.W.2d 749, 752 (Mo.App.1998)). We presume that the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002).

■■■ Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

---

**3.** The probable cause affidavits mentioned in conjunction with both of the underlying cases

at issue were not filed with this Court.

Prior to accepting a plea of guilty, the trial court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App.1993). "A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Brown v. State,* 45 S.W.3d 506, 508 (Mo.App.2001). " 'A trial court is not required to explain every element of a crime to which a person pleads guilty so long as the defendant understands the nature of the charge.' " *Daniels v. State,* 70 S.W.3d 457, 461 (Mo. App.2002) (quoting *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996)). The recital of a factual basis for the charge helps to ensure the guilty plea is knowing and voluntary. *Carmons v. State,* 26 S.W.3d 382, 384 (Mo.App.2000). This Court's " 'focus is on whether the plea was made intelligently and voluntarily [and not on] whether a particular ritual is followed or every detail explained.' " *Daniels,* 70 S.W.3d at 461 (citation omitted). Furthermore, "[r]elief under [Rule 24.02(e)] is available only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Schuerenberg v. State,* 98 S.W.3d 922, 923–24 (Mo.App.2003). "Absent an abuse of discretion, this Court defers to the trial court's determination as to whether a prisoner's guilty plea was voluntary." *Jenkins v. State,* 9 S.W.3d 705, 708 (Mo.App.1999).

The present matter is akin to that found in *Jones v. State,* 117 S.W.3d 209 (Mo.App. 2003), where this Court determined that the *Jones* movant's guilty plea to the charge of second-degree assault lacked a factual basis in the record of the plea hearing. There, in its findings relating to movant's Rule 24.035 motion, the motion court "referred to the complaint filed in the underlying criminal case" and then quoted in its findings certain facts contained in the original complaint. *Id.* at 213. "However, [the complaint] was not read nor was reference made to it during the guilty plea hearing." *Id.* Thereafter, the motion court also considered a presentence investigation report which "was not a part of the sentencing hearing in the underlying criminal case nor d[id] the record on appeal in this case reveal it was part of the files and records on which this case was submitted to the motion court." *Id.* As a result, the *Jones* court found that:

> [m]atters not part of the guilty plea hearing are dehors the record. Just as an appellate court may not consider matters dehors the record ... neither may trial courts charged with complying with Rule 24.02 in determining whether to accept pleas of guilty rely on matters dehors the record. The factual basis for the plea of guilty must be gleaned from the record of the guilty plea hearing.

*Jones,* 117 S.W.3d at 213 (internal citations omitted).

■ In the present matter, the two Amended Information sheets mentioned at the plea hearing recite facts that are identical and indistinguishable from one another. While the motion court's findings refer to two probable cause affidavits, which the motion court sets out were attached to the Amended Informations in the two underlying criminal cases, these probable cause affidavits relied upon by the motion court are not mentioned in the transcript from the plea hearing; nor is there any indication from our review of that transcript that the probable cause affidavits were even before the plea court. While our focus is not on " 'whether a particular ritual is followed or every detail explained,' " there remains a requirement that there be a factual basis established for a guilty plea prior to the plea court's

acceptance of such a plea. *Daniels*, 70 S.W.3d at 461 (citation omitted). As previously related, this Court is confined to solely studying the record of the plea hearing and "a record that will withstand appellate scrutiny is required. No such record was made in this case." *Jones*, 117 S.W.3d at 213. We determine that the motion court improperly relied upon the probable cause affidavits which were matters dehors the record when it determined there was a factual basis for Movant's plea.[4]

In the present matter, as in *Jones*, the requirements of Rule 24.02(e) were not met, and the motion court's denial of Movant's Rule 24.035 motion as to case number 754109 and case number 754102 was clearly erroneous. The motion court's judgment is reversed. *Jones*, 117 S.W.3d at 213. We set aside the convictions based on the two guilty pleas in question, and remand them to the plea court in order that a factual basis may be established before accepting the pleas tendered pursuant to the plea agreement. *Hoskin*, 863 S.W.2d at 640.

SHRUM, J., concurs in separate opinion.

BATES, C.J., concurs.

KENNETH W. SHRUM, J, concurring.

I concur. I write separately to emphasize that a factual basis for the guilty plea must exist before the court *enters a judgment* upon the plea. *Price v. State*, 137 S.W.3d 538, 542 (Mo.App.2004). Nothing

in Rule 24.02(e) "requires that a factual basis be established *before* a guilty plea is accepted." *Id.* Obviously, "[t]he ideal method to establish a factual basis would be via a colloquy between the court and the defendant." *Id.* at n. 4. Certainly, the guilty plea hearing would provide such an ideal venue, but this is not required by the rule.

When the plea court relies on matters outside the plea hearing to establish a factual basis, the court should specifically point to the matters it relies upon that are contained in the record. *Id.* In the case *sub judice*, the plea court was allowed to rely on matters such as probable cause affidavits, but only when they were contained the record. They were not; consequently, when the majority opinion relies upon *Jones*, it does so because the *only* record made was that of the guilty plea hearing. As stated by the majority, nothing in this opinion should be read as contradictory to that stated in *Price*.

---

**4.** We note that in *Price v. State*, 137 S.W.3d 538 (Mo.App.2004), this Court held that "a sentencing court's subjective determination regarding a factual basis can be made anytime before the judgment is entered and 'from anything that appears *on the record.*'" *Id.* at 542 (quoting *U.S. v. Fountain*, 777 F.2d 351, 356 (7th Cir.1985)). "The only requirement is that 'the factual basis, whatever its source, appear clearly on the record.'" *Id.* (quoting

*U.S. v. Adams*, 961 F.2d 505, 512 (5th Cir. 1992)). Furthermore, "this appearance must come before a judgment is entered on the guilty plea." *Id.* By our reliance on *Jones* we do not *sub silentio* overrule *Price*. We are simply noting that the only record established in the instant matter is that from the guilty plea hearing. The State concedes as much. As such, the record presented does not comport with the requirements of Rule 24.02(e).