STATE of Missouri, Plaintiff–Respondent

v.

Murlin R. PHILLIPS, Defendant–Appellant.

No. 25243.

Missouri Court of Appeals, Southern District, Division One.

Nov. 7, 2006.

---

**730**

Lisa M. Stroup, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen A. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Murlin R. Phillips (defendant) was convicted, following guilty pleas, of murder in the second degree, § 565.021 [1], and armed criminal action, § 571.015. He appeals alleging that the allegations in the amended information were insufficient to charge those offenses. He further alleges that "the facts [defendant] stated at the guilty plea proceeding did not establish that he committed second-degree murder." This court affirms.

■ "Ordinarily, a guilty plea waives all defenses and errors. *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 n. 4 (Mo.banc 1993). A defendant may directly appeal a guilty plea, however, to attack subject matter jurisdiction or the sufficiency of the charging instrument. Id." *State v. Henry,* 88 S.W.3d 451, 454 (Mo.App. 2002).

The amended information that charged the offenses to which defendant pleaded guilty alleged:

### Count I

Jon A. Kiser, the Prosecuting Attorney of the County of Wayne, State of Missouri, charges that the defendant, Murlin R. Phillips, in violation of Section 565.021, R.S.Mo., committed the class A felony of murder in the second degree, punishable upon conviction under Section 565.021.2, R.S.Mo., in that on the 8th day of October, 2000, in the County of Wayne, State of Missouri, the defendant, intentionally, premeditatedly, with malice aforethought and unlawfully

---

**1.** References to statutes are to RSMo 2000.

caused the death of Wayne G. Limbaugh, by shooting him, thereby causing him to die on October 8, 2000, in the County of Wayne, State of Missouri.

**RANGE OF PUNISHMENT:** Life imprisonment; or imprisonment for a term not less than ten (10) years and not to exceed thirty (30) years.

### Count II

Jon A. Kiser, the Prosecuting Attorney of the County of Wayne, State of Missouri, charges that the defendant, Murlin R. Phillips, in violation of Section 571.015, R.S.Mo., committed the felony of armed criminal action, punishable upon conviction under Section 571.015.1, R.S.Mo., in that on the 8th day of October, 2000, in the County of Wayne, State of Missouri, the defendant, committed the felony of murder charged in Count I, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of murder by, with and through the use, assistance and aid of a deadly weapon.

**RANGE OF PUNISHMENT:** Imprisonment for a term of not less than three (3) years.

■ Defendant's first point on appeal argues that the trial court erred in not dismissing the amended information charge of murder in the second degree and the dependent armed criminal action charge because the murder in the second degree charge "did not include the mental states of either 'knowingly caus[ing] the death of another person' or acting 'with the purpose of causing serious physical injury to another person' as set out in Mo.Rev.Stat. § 565.021.1." Defendant contends he was prejudiced "because he could not have known from the amended information what mental state was necessary for second-degree murder."

Section 565.021.1 provides:

A person commits the crime of murder in the second degree if he:

(1) Knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person; ...

■ "When a defendant challenges the sufficiency of an indictment or information for the first time following a guilty plea, the indictment or information will be held to be sufficient unless (1) it does not by any reasonable construction charge the offense to which the defendant pled guilty and (2) the defendant demonstrates actual prejudice as a result of the insufficiency." *State v. Sparks,* 916 S.W.2d 234, 237 (Mo. App.1995). The information about which defendant complains cited the statute, § 565.021, that sets forth the offense with which defendant was charged. The language in the statute identifies the level of culpability required for defendant to be convicted—"[k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person."

The information alleged the date and place of the offense. It stated the manner in which defendant caused the death of the victim—"by shooting him." It further alleged that defendant did the actions with which he was charged "intentionally, premeditatedly, with malice aforethought." It did not state that he did so "knowingly." This court does not perceive that one could act "intentionally" and "premeditatedly" without acting knowingly. The information did not fail, by any reasonable construction, to charge the offense to which defendant pleaded guilty simply because the word "knowingly" did not appear in the specification of the charge of murder in the second degree. There is no showing that its absence impacted the preparation of any defense defendant might have

wished to assert, or that it would it have prevented him from asserting double jeopardy had he chosen to go to trial and had he been acquitted.

The facts in this case are similar to those in *State v. Parkhurst*, 845 S.W.2d 31 (Mo.banc 1992), in which the court concluded that a similar omission in an information had not prejudiced the rights of Mr. Parkhurst; that the "only reasonable construction of the information leads to the inescapable conclusion that [Parkhurst] was charged with the offense of which he was convicted." Id. at 35. As in *Parkhurst*, the only reasonable construction of the information in this case leads to the inescapable conclusion that defendant was charged with murder in the second degree, the offense of which he was convicted.

Because the language used in the information was compatible with an earlier statute that defined murder in the second degree, the 1978 statutes, defendant complains that he "was charged under a statute that no longer exists." The information filed in defendant's case explicitly identified the statute that he was charged with having violated as "Section 565.021, R.S.Mo.," and states the date of the offense as "the 8th day of October, 2000." Defendant was charged with the offense of murder in the second degree as codified at § 565.021. Point I is denied.

■ Point II contends that the trial court erred in not rejecting defendant's plea of guilty because no factual basis was established that revealed he committed the offense of murder in the second degree; that defendant "did not admit facts constituting the mental state for second-degree murder." "In a direct appeal of a guilty plea, our review is restricted to the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment." *State v. Sharp*, 39 S.W.3d 70, 72 (Mo.App.2001). A complaint about the evidentiary basis for the trial court's find-ing is not subject to review by direct appeal. *Id.* It is subject to review only by means of post-conviction motion. *See, e.g.*, *Smith v. State*, 141 S.W.3d 108 (Mo.App. 2004); *Jones v. State*, 117 S.W.3d 209 (Mo. App.2003); *Wofford v. State*, 73 S.W.3d 725 (Mo.App.2002); *Saffold v. State*, 982 S.W.2d 749 (Mo.App.1998); *Ennis v. State*, 887 S.W.2d 771 (Mo.App.1994). Point II is dismissed.

■ Point III asserts that the trial court erred in denying defendant's motion to withdraw his guilty plea because the plea of guilty was not entered intelligently in that defendant was misinformed about the mental state for murder in the second degree. As this court perceives Point III, defendant claims the trial court erred in not permitting him to withdraw his plea of guilty because the plea was not entered voluntarily. As with respect to Point II, the issue raised is not directed to subject-matter jurisdiction of the trial court or to the sufficiency of the information or indictment. It is not cognizable by direct appeal. *State v. Sharp, supra.* Point II is dismissed. The judgment is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.