John L. CHAPPEL, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94166.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 24, 2010.

Brocca Smith, Missouri Public Defender Office, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

*Introduction*

John Chappel (Chappel) appeals from the motion court's denial, without an evidentiary hearing, of his Rule 24.035[1] amended motion for post-conviction relief. Following his plea of guilty and sentencing, Chappel filed a motion for post-conviction relief seeking to set aside his plea. The parties later entered into an agreement whereby Chappel dismissed his motion for post-conviction relief in exchange for the plea court setting aside Chappel's sentence and allowing him the opportunity to present additional evidence at a new sentencing hearing. Following the second sentencing hearing, Chappel filed a second motion for post-conviction relief, alleging that his waiver of the earlier post-conviction motion was not voluntarily, knowingly, and intelligently made. The motion court denied Chappel's second motion noting that Chappel failed to set forth facts to form a basis for his claim. Finding that Chappel's claim was improperly brought as a Rule 24.035 motion, we find no clear error in the motion court's ruling and affirm.

---

1. Unless other stated, all further statutory references are to RSMo (2007).

## Background

On February 21, 2007, Chappel pleaded guilty to one count of robbery in the first degree, in violation of Section 569.020, RSMo (2000)[2], and one count of armed criminal action, in violation of Section 571.015. Chappel was sentenced to two concurrent terms of thirty years of imprisonment.

After his sentencing, Chappel filed a pro se Rule 24.035 motion for post-conviction relief. Thereafter, post-conviction counsel was appointed and filed an amended motion for postconviction relief, requesting an evidentiary hearing. In his amended motion, Chappel alleged that he was denied effective assistance of counsel because his plea counsel failed to investigate his defense of not guilty by reason of mental disease or defect, and his plea counsel advised him to enter a blind plea of guilty under the misapprehension that Chappel would receive a reduced sentence as a result of his mental disease or defect. Prior to a ruling by the motion court, the parties agreed that Chappel would dismiss his pending amended motion for post-conviction relief and the court would set aside his sentence and allow Chappel to present mitigating witnesses at a new sentencing hearing. Under this agreement the court entered a "consent judgment" noting that, "By stipulation of the parties, [Chappel] hereby waives his request to set aside his plea of guilty. By consent of the parties, the court hereby sets aside [Chappel's] sentence."

On December 18, 2008, a second sentencing hearing was held and Chappel's sentence was reduced to two concurrent terms of twenty-five years of imprisonment.

Chappel filed a second pro se motion for post-conviction relief pursuant to Rule 24.035 on April 9, 2009. Post-conviction counsel was again appointed and filed an amended motion challenging Chappel's new sentence. The second post-conviction motion alleged that Chappel's agreement to dismiss his earlier motion for post-conviction relief was not voluntarily, knowingly, and intelligently made. Chappel claimed that the record did not conclusively show that he voluntarily waived his right to challenge his sentence and therefore the waiver was invalid. Chappel asserted that his original amended post-conviction motion should be reinstated and his current sentence vacated.

Both parties appeared before the motion court on October 9, 2009, at which time the motion court denied Chappel's second amended post-conviction motion without an evidentiary hearing. The motion court entered its Findings of Fact, Conclusions of Law, Order and Judgment on November 16, 2009, noting that the facts alleged by Chappel were refuted by the files and the record in Chappel's plea and sentencing hearings.

Chappel filed a timely Notice of Appeal to this Court on December 22, 2009. This appeal follows.

## Point on Appeal

In his sole point on appeal, Chappel alleges that the motion court clearly erred when it denied his amended motion for post-conviction relief without an evidentiary hearing because Chappel alleged facts, not conclusively refuted by the record, which, if proven, would entitle him to relief. Chappel claims his waiver of his right to challenge his sentence under Rule 24.035 was not voluntarily, knowingly and intelligently made. Chappel claims that because the record does not conclusively show he voluntarily entered into the waiv-

---

2.  All further statutory references are to RSMo (2000), unless otherwise noted.

er, the motion court's findings leave a definite and firm impression a mistake was made.

### Standard of Review

■ Appellate review of a motion court's denial of a post-conviction motion under Rule 24.035 "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). Findings and conclusions are "clearly erroneous" if, after a review of the whole record, we are "left with the definite and firm impression that a mistake has been made." *Weeks,* 140 S.W.3d at 44. This court "presume[s] that the motion court's findings and conclusions are correct." *Johnson v. State,* 172 S.W.3d 831, 834 (Mo.App. S.D. 2005).

### Discussion

■ After filing his original motion for post-conviction relief, Chappel agreed to waive "his request to set aside his plea of guilty," in exchange for a second sentencing hearing. Chappel now claims this waiver was not voluntarily, knowingly, and intelligently made and thus the motion court erred in denying him post-conviction relief. Because we find that a post-conviction motion under Rule 24.035 is not the proper avenue to pursue this grievance, we affirm the motion court's denial of Chappel's claim.

Missouri Supreme Court Rule 24.035 states that,

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the *conviction* or *sentence* imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appel-

late counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. (emphasis added)

Chappel's second amended post-conviction motion attacked neither his conviction nor his sentence, but rather the waiver of his "request to set aside his plea of guilty." As Rule 24.035 clearly states and this Court has noted, "Rule 24.035 allows only challenges to the validity of judgments of conviction or sentences, and then only on specified grounds." *Wood v. State,* 853 S.W.2d 369, 370 (Mo.App. E.D.1993). Chappel's claim does not challenge the validity of a judgment of a conviction or sentence on the grounds specified in Rule 24.035.

While Chappel has a right to file a second Rule 24.035 motion for post-conviction relief challenging his second sentence, he did not present such a challenge to that sentence in his second amended motion. *See Kniest v. State,* 133 S.W.3d 70, 71 (Mo.App. E.D.2003) (holding that if a second motion for post-conviction relief is directed to claims relative to re-sentencing, it is not considered "successive"). Instead Chappel challenges the validity of the waiver of his "request to set aside his plea of guilty" in his second post-conviction motion, neither contesting nor alleging any error with regard to his sentence or conviction on the grounds enumerated in Rule 24.035.

Although the motion court reviewed Chappel's amended motion on its merits and issued its findings and conclusions, Chappel's motion challenging the voluntariness of his waiver is not cognizable under Rule 24.035. Thus the motion court did not clearly err in denying Chappel's

amended motion without an evidentiary hearing.

*Conclusion*

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR. and NANNETTE A. BAKER, JJ., Concur.